STOKES *v.* FARMERS' BANK OF HARDY.

4-3040

Opinion delivered June 26, 1933.

684

*Coleman & Reeder,* for appellant.
*Sidney Kelley* and *Gus Causbie,* for appellee.

KIRBY, J., (after stating the facts). Appellants insist that the court erred in not holding the note invalid as executed for accommodation of the bank, with the understanding it was not to be paid and without consideration.

The testimony showed that the president of the bank, Metcalf, who had just taken charge of the bank's affairs to save it if it could be done, was not responsible for its condition any more than appellants, that he stated the bank's condition to them and the necessity for the contribution or assessment in order to prevent and avoid the necessity for assessments against the stockholders that it might continue business without such assessment and with capital unimpaired. That they gave their note for the purpose of taking up the bad paper upon the agreement of the bank president to match the amount thereof in cash, which was done. This furnished, of course, sufficient consideration for the note. *Jones* v. *Green,* 173 Ark. 846, 293 S. W. 749; *Ellis* v. *Jonesboro Trust Co.,* 179 Ark. 615, 17 S. W. (2d) 324.

It makes no difference, so far as such consideration was concerned, that Metcalf later bought and took up $1,428 worth of the notes in the bank, whether they were bad paper or not, since he paid in cash the value thereof.

The note sued on was not conditional, and Metcalf, with whom the agreement was made for its execution, paid the amount as he agreed to do and used same in taking out the bad paper of the bank and prevented an assessment of stockholders or impairment of the capital.

The note was a valid obligation made for a valuable consideration, of which the court correctly found there was no failure, upon testimony amply sufficient to sustain the finding, and returned judgment thereon accordingly. *Ellis* v. *Jonesboro Trust Co., supra.*

We find no error in the record, and the judgment is affirmed.