WASSON *v.* STOKES.

4-3820

Opinion delivered April 8, 1935.

*Gus Causbie,* for appellants.

*John F. Grammer* and *J. J. McCaleb,* for appellee.

McHANEY, J. On June 1, 1928, appellee, W. S. Stokes, and M. Stokes executed and delivered their promissory note to the Farmers' Bank of Hardy, Hardy, Arkansas, in the sum of $1,000, due seven months after date. The note was not paid at maturity, and suit was brought thereon by the bank to enforce payment. Trial of that case resulted in a judgment in favor of the bank for the amount of the note and interest, which judgment was affirmed in this court June 26, 1933. *Stokes* v. *Farmers' Bank of Hardy,* 187 Ark. 682, 61 S. W. (2d) 680. It was there contended that there was no liability on the note because executed to the bank for its accommodation, with the understanding it was not to be paid and was without consideration. We there said: ''The note was a valid obligation made for a valuable consideration, of which the court correctly found there was no failure, upon testimony amply sufficient to sustain the finding, and returned judgment thereon accordingly.''

Thereafter the Farmers' Bank of Hardy became insolvent, was taken charge of by the State Bank Commissioner for liquidation, and appellant, Lester Steward, was appointed Special Deputy Bank Commissioner to

liquidate the affairs of said bank. In October, 1932, W. S. Stokes and M. Stokes presented their claim to the Bank Commissioner for the amount of said note, claiming to be common creditors of the bank. In this claim it was stated: "That in the event a certain judgment recently rendered against them in the Independence Circuit Court in favor of the Farmers' Bank of Hardy becomes final, or is affirmed by the Supreme Court of Arkansas," the bank was indebted to them in the sum of $1,233.33, and that the basis of the claim is as follows: "Accommodation note executed by claimants on June, 1928, to Farmers' Bank of Hardy, on which it procured judgment against claimants in Independence Circuit Court on October 20, 1932." The claim was disallowed by the Bank Commissioner. On November 16, 1932, M. Stokes sold and assigned all his interests in said claim against the Farmers' Bank of Hardy to W. S. Stokes, and thereafter W. S. Stokes filed his complaint in the chancery court to have the claim allowed, and prayed that he be classed as a common creditor and entitled to participate in the assets of said insolvent bank. On a hearing before the court on July 17, 1934, the court found that W. S. and M. Stokes had contributed the sum of $1,233.33 to the bank before its insolvency and in an effort to save it from insolvency; that said amount went into the assets of said bank and increased them in that amount, and that all other creditors and depositors of said bank benefited to the extent of said contribution. A decree was entered allowing the claim as a common creditor.

We think the court was in error in so holding. As stated above, we held in Stokes v. Farmers' Bank of Hardy, supra, that the note sued on was a valid obligation and affirmed the judgment accordingly. The effect of allowing the claim in the instant case would be to hold that the note was not a valid obligation in the first instance and should not have been collected. The former holding, whether right or wrong, is the law of the case.

Appellee moves to dismiss the appeal because the transcript does not include the testimony heard on the trial in the lower court. We fail to see how the testimony,

whatever it may have been in this case, could affect the liability of Messrs. Stokes on their note to the Farmers' Bank of Hardy. If they owed the Farmers' Bank of Hardy the amount of that note and interest, which we held they did in the former appeal, it would be an anomalous situation to hold that the bank owed them the amount they were compelled to pay on a valid debt. It may be that the amount paid by them should be taken into consideration in enforcing a stock assessment in the event such a levy is made (they being stockholders and directors in said bank), but we are of the opinion that the claim now filed is entirely without equity.

The decree will be reversed, and the cause remanded with directions to disallow the claim for want of equity.