14178

## MITCHELL v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION

(182 S. E., 892)

*Mr. Horace L. Bomar,* for appellant,

*Messrs. Love & Thornton* and *L. E. Wood,* for respondent,

November 21, 1935.

The opinion of the Court was delivered by Mr. Justice Carter.

As a statement of this case, we adopt the agreed statement of counsel appearing in the transcript of record: "This is an action based on an insurance policy issued by appellant to Evelyn Townsend Mitchell on June 10, 1930. It insured her against accidental injury and accidental death and also against loss of time on account of illness. Her husband, William T. Mitchell, was named beneficiary in case of her accidental death. On June 28, 1932, this action was begun in the Court of Common Pleas of Greenville County, by the insured and her husband, William T. Mitchell. To the complaint, appellant demurred on the ground that it did not state a cause of action, alleging only a fraudulent attempt to breach a contract. The complaint was amended. On January 3, 1934, the insured died in a hospital in the City of Greenville, where she was taken about ten days before her death. Her death was caused by disease and not by accident. The complaint was then further amended by substituting as plaintiff William T. Mitchell, as administrator

of his wife's estate. The complaint was also recast so as to claim damages for fraudulent breach of contract. On this final amended complaint, to which appellant answered, the case came on to be heard befòre his Honor Judge Oxner and a jury on June 18, 1934, and resulted in a verdict in favor of plaintiff for $720.00 actual and $780.00 punitive damages. Appellant gave notice of a motion for a new trial, which was argued some days later at a time fixed. On July 31, 1934, Judge Oxner filed his order refusing the motion. Appellant gave due notice of appeal. The appeal relates to the refusal of the presiding Judge to grant appellant's motions for nonsuit, for directed verdict, and for a new trial or a new trial *nisi.*"

Appellant presents a number of exceptions, but in the brief filed by counsel for appellant it is stated that there are only five questions involved in the appeal, namely:

"1. Was there a breach of contract by appellant in refusing to accept the premium of $7.50 tendered by check of insured on or before October 1, 1931?

"2. Is there any evidence of waiver of appellant's right to refuse to accept the premium so tendered?

"3. Is there any evidence whatever of a fraudulent act committed by appellant?

"4. If there is any ground upon which a verdict can be sustained, is it not excessive?

"5. Is not the receipt which the insured signed on October 5, 1931, Exhibit R, a full receipt for all damages?"

The policy in question was issued to the insured, the said Evelyn Townsend Mitchell, in consideration of the payment of the sum of $10.00 in cash, and on agreement to pay the further sum of $7.50 quarterly thereafter; and under the provisions of said policy the insurer, the said Mutual Benefit Health & Accident Association, agreed to pay to the said Evelyn Townsend Mitchell monthly benefits of $60.00 per month in the event of disability, as described in the policy, and in the event of the natural death of the said

Evelyn Townsend Mitchell to pay to the beneficiary named in said policy, William T. Mitchell, the sum of $1,500.00, and in case of death resulting from certain enumerated causes the sum of $3,000.00.

According to the allegations of the complaint, the insured paid all premiums when due and performed all conditions required of the insured, under said policy, up to October 1, 1931.

As pertinent to the issues presented under questions 1, 2, and 3, above stated, we quote the following allegations of the plaintiff, as set forth in the complaint:

"4. That a few days prior to October 1st, 1931, the said Evelyn Townsend Mitchell sent to the district agent of the defendant, at Greenville, South Carolina, her check in payment of the premium due October 1st, 1931. That notwithstanding the fact that said payment of premium by check to the district agent of the defendant at Greenville, South Carolina, was made in the same manner as all other payments had been made, as hereinafter more fully set out, and was received by the district agent at Greenville, South Carolina, before the premium was overdue; and notwithstanding the fact that plaintiff's intestate then had and continued to have on deposit in the bank on which the check was drawn ample funds with which to pay the check had it been presented for payment, the defendant did not present the check but returned it to Evelyn Townsend Mitchell from its home office at Omaha, Nebraska, on or about October 15th, 1931, notifying plaintiff's intestate that the policy had lapsed for non-payment of the premium and that the defendant would no longer recognize any obligation on its part to the plaintiff's intestate arising out of said policy.

"5. That although the policy provided by its terms that 'if any such dues be unpaid at the office of the Association at Omaha, Nebraska, this policy shall terminate on the day such payment is due,' the district agent for the defendant had represented to Evelyn Townsend Mitchell that payment to him, the district agent, by check, at the district office

at Greenville, South Carolina, on or before the respective due dates, was sufficient payment, and would always be accepted, and would prevent the policy from lapsing; that plaintiff's intestate, induced by and relying on these representations, did pay all her premiums to the said district agent by check, at his district office at Greenville, South Carolina, either on or before the due dates thereof; that such district agent had always accepted such payments by check whether received by him before or on the due date of the premium, as valid and regular in every respect, and each time, immediately on receipt of said check, had sent to plaintiff's intestate a receipt therefor, on behalf of the defendant, which receipts were in each case acknowledged by the defendant as its receipt.

"6. That in August and September, 1931, Evelyn Townsend Mitchell had become disabled within the meaning of the terms of the policy and had filed proof and claims for such disability; that the defendant, knowing that the said Evelyn Townsend Mitchell was no longer insurable, would continue to be disabled and would probably die within a short time, in order to escape its obligation to her, and for the purpose of bringing about a lapse of her policy, purposely and willfully omitted to credit the premium account of Evelyn Townsend Mitchell with payment on receipt of her check at Greenville, South Carolina, or to issue its receipt therefor, or to acknowledge it in any manner, but instead, forwarded the check to the home office at Omaha, Nebraska, intending that it should be, as it was, received there after the premium was overdue so that, in accordance with the written terms of the policy, the policy would have lapsed.

"7. That all of the aforesaid acts and representations by which defendant induced plaintiff's intestate to repose confidence in defendant's district agent and to believe that payment of premiums in the aforesaid manner and time were in compliance with the terms of the policy and rules of the

company, were done and made for the express purpose of intentionally deceiving plaintiff's intestate and inducing her to rely on the method of payment hereinbefore described. That the failure of defendant's district agent to credit plaintiff's intestate with payment on receipt of her check, and his forwarding the check to the home office of defendant at Omaha, Nebraska, knowing as he did, of the disability and ill health of plaintiff's intestate, were done for the express purpose of bringing about a lapse of the policy, and thus to wrongfully cheat and defraud plaintiff's intestate of her rights under her said policy of insurance. That all of the aforesaid representations, acts and conduct by which defendant brought about the lapse of the policy were part of a preconceived, fraudulent scheme to bring about a lapse of the policy of plaintiff's intestate, and to cheat and defraud her of her premiums and her rights under the policy."

While admitting its corporate existence and admitting issuing the policy in question, the defendant, in its answer, denied all other material allegations made by the plaintiff, and denied being liable to the plaintiff for any sum whatsoever. But the defendant offered no testimony to establish its contention; introduced no testimony at all.

We consider it unnecessary to quote or state the testimony introduced by the plaintiff, but deem it sufficient to state that after a careful study we have no hesitancy in stating that the testimony introduced by or on behalf of the plaintiff tends to establish the material facts alleged by the plaintiff under the above-quoted allegations, and from which inference may be reasonably drawn in accordance with plaintiff's contention. Under our view of the case, the trial Judge committed no error in overruling defendant's motion for a nonsuit, as well as the motion for a directed verdict, and in submitting the case to the jury to pass upon the several issues involved. Further, as we view the case, the evidence was reasonably susceptible of the inference that in refusing to accept the premium of $7.50,

tendered by check of the insured, on or before October 1, 1931, the defendant fraudulently canceled the contract under consideration. Further, there was evidence of waiver of appellant's right to refuse to accept the premium tendered. Also, the evidence was reasonably susceptible of the inference that the defendant fraudulently planned the cancellation of the policy, and furnished a basis for the award of punitive damages.

As to the question of excessive damages, raised by the appellant, we deem it sufficient to state that, in our opinion, the trial Judge properly refused to grant a new trial on this ground or to order the amount of the verdict reduced. In this connection we call attention to the fact that the defendant, having wrongfully canceled the contract in question, is not now in a position to insist upon the performance of the conditions of the contract and is not in a position to complain because a claim was not filed. We also call attention to the fact that the testimony shows that the insured, because of her physical condition, was unable to file a claim. See the cases of *Sutton v. Continental Casualty Co.,* 168 S. C., 372, 167 S. E., 647; *Cogsdill v. Metropolitan Life Insurance Co.,* 158 S. C., 371, 155 S. E., 747; *Garner v. Volunteer Life Insurance Co.,* 171 S. C., 1, 171 S. E., 370.

As to the question raised by appellant that Mrs. Mitchell signed a release of all interest under the policy, we call attention to the fact that this defense was not set up in defendant's answer and is, therefore, not properly before the Court. Furthermore, the amount given to Mrs. Mitchell at the time she signed the paper in question was justly due her, and any further release which the defendant placed in said paper was without consideration.

The exceptions are overruled and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER, MR. JUSTICE BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES E. C. DENNIS and C. J. RAMAGE concur.