**COLUMBIA CASUALTY CO. v. COMBS.**

No. 11509.

Court of Civil Appeals of Texas. San Antonio.

June 20, 1945.

Rehearing Denied July 18, 1945.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

White & Yarborough, of Dallas, for appellee.

MURRAY, Justice.

This suit was instituted by William L. Combs, to set aside an award of the Industrial Accident Board of Texas made upon the claim of the said Combs against Columbia Casualty Company. The employer was Pontiac Pipe Line & Expert Company. The trial was to a jury on special issues and resulted in judgment for Combs against Columbia Casualty Company for the sum of $18 per week for thirty-seven weeks, $4.50 per week for one hundred and seventy-five weeks, and $2.25 per week for one hundred and eighty-eight weeks. From that judgment Columbia Casualty Company has prosecuted this appeal.

Appellant first complains because his objections to special issues No. 5 and No. 10 were overruled. Appellee alleged his injuries to consist of certain burns sustained to both of his legs, resulting in total incapacity for a time, followed by partial incapacity. Issues Nos. 5 and 10 related to the percentage of his partial incapacity to his legs. The two issues are the same except No. 5 relates to his left leg and No. 10 to his right leg. Issue No. 5 reads as follows:

"If you have answered Special Issue No. 2 'Yes' then answer the following special issue, otherwise you need not answer same: What do you find, from a preponderance of the evidence, to be the percentage of the partial incapacity, if any, of plaintiff's left leg during the period of time, if any, you found in answer to the preceding special issues, that plaintiff sustained the partial incapacity of his left leg? Answer by giving the percentage, if any. Answer: '25%'."

As we understand appellant's complaint, summed up in a few words, it is that issues Nos. 5 and 10, as submitted, constituted a direct comment by the court to the jury to the effect that the court was of the opinion that in the event plaintiff was suffering from any partial incapacity whatever, it necessarily was of the same percentage of incapacity from the time of commencement to the time of termination thereof.

We overrule this contention. The jury were at liberty under the questions as framed to find different percentages of incapacity for different periods, and they were not necessarily required to find the same percentage of partial incapacity for the entire period of partial incapacity. United Employers Casualty Co. v. Knight, Tex.Civ.App., 139 S.W.2d 613.

However, if appellant's contention be true, then the issue placed an additional burden upon appellee of showing one continuous percentage of incapacity during the entire period of partial disability.

Appellant next complains because his specially requested issues Nos. 1 and 3 were refused. The effect of these issues was to ask the jury if the partial incapacity they had found to appellee's legs did not diminish after the beginning thereof up to the time of the trial. There were no pleadings of either the appellant or appellee to justify the submission of these special issues. The court did not err in refusing these issues. Rule 279, Texas Rules of Civil Procedure. See also Rule 94, Texas Rules of Civil Procedure.

Appellant's last contention is without merit and is overruled.

The judgment is affirmed.