## TEXAS EMPLOYERS' INS. ASS'N v. TATE.
### No. 14973.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 22, 1948.

Rehearing Denied Nov. 19, 1948.

878

Cantey, Hanger, McKnight & Johnson, W. B. Thompson and Emory Cantey, all of Fort Worth, for appellant.

M. Hendricks Brown, of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee recovered judgment in the trial court on his claim for workmen's compensation on a jury verdict finding total and permanent disability. The insurance carrier has appealed.

Appellant's first, fourth and fifth points of error are argued together and read as follows:

Point One: "The error of the court in submitting special issue No. 7, for the reason that same was a conditional submission of the defensive issue of temporary total incapacity."

Point Four: "The error of the court in submitting special issue No. 9, for the reason that same was a conditional submission of the defensive issue of partial incapacity."

Point Five: "The error of the court in submitting special issue No. 10, for the reason that same was a conditional submission of the defensive issue of temporary partial incapacity."

Although the points of error just quoted complain of the submission of the special issues in question, it appears from the statement and argument following said points of error that appellant complains not of the submission of such issues, but of the manner in which they were submitted, to-wit, conditionally on answers to other issues, rather than unconditionally.

Issue No. 5 inquired whether the plaintiff Tate sustained total disability for any length of time as a natural result of the injury, if any, sustained on the occasion in question. Issue No. 7 and the instruction preceding it read as follows:

"If you have answered special issue No. 5 'no' you need not answer this question, but if you have answered same 'yes' then answer:

"Question: Do you find from the preponderance of the evidence that such total disability, if any, is permanent or temporary?"

There follows an instruction on the burden of proof which will be discussed later.

Submission of the issue of permanent or temporary disability in one question seems clearly authorized by that part of Rule 277, Texas Rules of Civil Procedure, which reads as follows: " * * * the court may submit disjunctively in the same question two inconsistent issues where it is apparent from the evidence that one or the other of the conditions or facts inquired about necessarily exists. For example, the court may, in a workmen's compensation case, submit in one question whether the injured employee was permanently or only temporarily disabled." The authorities

879

which appellant cites in support of its contention that there was error in the manner of submitting this issue do not appear to us to be in point on the facts, and if anything is said in them which would tend to condemn the method of submission here employed, the answer is that the cited cases arose before the adoption of the present Rules of Civil Procedure. We can find no error in the fact that the issues of permanent and temporary disability were submitted disjunctively in the same question, nor can we find any error, either under the present rules or under any decision under the former statutes, in submitting both inquiries conditionally on an affirmative answer to issue No. 5. We do not have the same situation here which was involved in Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340, relied on by appellant. Issue No. 5 in that case inquired if the plaintiff was partially disabled after the period of total disability. Issue No. 7 inquired if such partial disability was permanent. Issue No. 8 inquired as to what period of time plaintiff would be partially disabled, but required the jury to answer only if they had found a negative answer to issue No. 7. The holding of the Supreme Court, as we construe the opinion, simply was that the issue of temporary partial disability should not have been submitted conditionally on a negative answer to the issue of permanent partial disability. Appellant construes the opinion as a holding that it was error to submit either the question of permanent disability or the question of temporary disability conditionally on an affirmative answer to the issue inquiring if there was any partial disability, but we do not so construe the opinion. As we have said, our interpretation of the holding is that it was error to submit the question of temporary partial disability conditionally on a negative answer to the issue inquiring if the partial disability was permanent.

There is yet another reason why appellant is not in position to complain of the fact that Issue No. 7 was submitted conditionally on a finding of total disability in answer to issue No. 5. If the jury had made a negative answer to issue No. 5, which inquired if there was any total disability, plaintiff could not have recovered

any judgment for total disability, regardless of whether issue No. 7 was submitted conditionally or unconditionally, and regardless of how it might have been answered. There is no way appellant could have suffered any harm by reason of the manner in which issue No. 7 was submitted.

■ Furthermore, the objections to the charge as made in the trial court are insufficient to support the complaint made on appeal. No objection was made to the fact that issue No. 7 was submitted conditionally on an affirmative answer to issue No. 5. The most that can be made out of the objection is a complaint against submitting the issues of permanent disability and temporary disability in the same issue, and, as we have said, no error is presented in this respect.

Issue No. 4 inquired if the plaintiff sustained any disability. Issue No. 9 inquired if he sustained any partial disability. The latter issue was submitted conditionally on an affirmative answer to issue No. 4. Issue No. 10, submitted conditionally on an affirmative answer to issue No. 9, inquired whether such partial disability was permanent or temporary.

For substantially the same reasons above stated, we overrule the fourth and fifth points of error, complaining of the conditional submission of issues Nos. 9 and 10.

■ While we think that the three points of error just mentioned should be overruled for the reasons above stated, it is clear that they must be overruled in view of the fact that appellant pleaded only a general denial. Rule 279, Texas Rules of Civil Procedure, provides: "When the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence, and, except in trespass to try title, statutory partition proceedings and other special proceedings in which the pleadings are specially defined by statutes or procedural rules, a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by affirmative written pleading on his part."

This rule has been interpreted several times by our appellate courts. In Employers' Reinsurance Corporation v. Brantley,

Tex.Civ.App.; 173 S.W.2d 233, 235, writ refused, it is said:

"Appellant, * * * not having further pleaded affirmatively that partial incapacity followed that of temporary total incapacity, was not entitled to the unconditional submission of independent issues inquiring as to the duration of either temporary total or partial incapacity."

In Safety Casualty Co. v. Teets, Tex. Civ.App., 195 S.W.2d 769, 770, writ refused, it is said:

"* * * under Rule 279, Texas Rules of Civil Procedure, the trial court is necessarily governed by the pleadings in formulating the issues to be submitted to a jury and that only ultimate issues raised by the pleading of the parties are to be submitted to the jury. The defendant is not entitled to have special defense issues submitted to the jury when not plead in his answer, even though the evidence might be sufficient to raise such an issue."

We find the following declaration in Associated Employers Lloyds v. Aiken, Tex. Civ.App., 201 S.W.2d 856, 861, writ ref. n. r. e. :

"Texas rules 94 and 279 definitely provide that a party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part."

■ As is recognized in the opinion just cited, the defendant under a general denial may introduce evidence of facts or conditions which are adverse to plaintiff's theory of recovery, and may argue same to the jury, but is not entitled to submission of affirmative issues on such inconsistent theories if they are raised only by the general denial and not by affirmative pleadings on his part.

See also Kerrville Bus Co., Inc. v. Williams, Tex.Civ.App., 206 S.W.2d 262, writ ref. n. r. e. ; Hamill & Smith v. Parr, Tex. Civ.App., 173 S.W.2d 725, writ ref. w. o. m. ; Traders & General Ins. Co. v. Wilder, Tex.Civ.App., 186 S.W.2d 1011, writ ref. w. o. m. ; and Columbia Casualty Co. v. Combs, Tex.Civ.App., 188 S.W.2d 1015. Interesting discussions of the question may also be found in an article by the Hon. J. B. Dooley, in Vol.XX of the Texas Law Review, beginning at page 32, and in a commentary by Chief Justice James P. Alexander, found at page 293 of Vernon's Texas Rules of Civil Procedure, Franki.

Appellant was not entitled to an affirmative submission of the issues complained about, having pleaded only a general denial, and so is not in position to complain because they were submitted conditionally. No right of appellant's was violated by the conditional submission. The cases cited by appellant are for the most part not in point because they arose before the adoption of Rule 279.

The second point of error reads as follows:

"The error of the court in submitting special issue No. 7, for the reason that it failed to place the burden of proof on the plaintiff on the question of permanent incapacity." Said issue reads as follows:

"Do you find from the preponderance of the evidence that such total disability, if any, was permanent or temporary?"

It was accompanied by the following instruction:

"If you have found from the preponderance of the evidence that such disability, if any, is permanent and not temporary, then you will answer this issue 'It is permanent.' If on the other hand you have found from the preponderance of the evidence that such disability is temporary and not permanent, then you will answer 'It is temporary.'"

Appellant's contention with respect to this is thus stated in its brief:

"It is our contention that this issue as worded failed to clearly place the burden of proof upon the plaintiff to show that the disability was permanent, as required by law, or, to state it conversely, failed to clearly place the burden of proof upon the plaintiff to show that the incapacity was not temporary."

The complaint is specifically directed to the second sentence of the quoted instruction.

■ We have carefully examined the objections made to the charge by appellant

in the trial court. We find that the only portion of the objections relating to the burden of proof reads as follows: "Defendant objects * * * for the further reason that it fails to place the burden of proof on the plaintiff as to the issue of permanent incapacity." The instruction as to the burden of proof on permanent incapacity was correct. There was no objection to the instruction as to the burden of proof on temporary incapacity. The point of error must be overruled by reason of the provisions of Rule 274, requiring that a party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection.

The portion of the issue which inquires in effect if there was any temporary disability is not to be treated as an affirmative defensive issue, presenting a defense against the claim of permanent disability, in view of defendant's plea of only a general denial.

The third point of error is not followed by any statement or argument, and will therefore be treated as waived. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W.2d 197, writ ref. w. o. m.; Rayburn v. Giles, Tex.Civ.App., 182 S.W.2d 9, writ ref.

The sixth point of error complains of jury misconduct. The complaint, in substance, is that during their deliberations there was a discussion by some of the jurors to the effect that a man with a back injury would not be accepted for employment in the type of work in which they (the jurors) were then engaged, and that one of the jurors in reaching his verdict considered the policy of his own employer, Montgomery Ward & Co.

The law now "imposes upon the party asserting misconduct the burden not only of proving by a preponderance of the evidence that such misconduct occurred, but also of showing that such misconduct probably resulted in injury to him. If the evidence is conflicting on the question as to whether or not the misconduct actually occurred, the decision of the trial court either way on that question should be accepted as final." Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, 464. The trial court heard the testimony of several members of the jury on the hearing of the motion for new trial, and overruled the motion. He filed no findings of fact, and none was requested. In such case it is our duty to presume that the trial court found in fact, if the evidence will warrant such a finding, that the alleged misconduct did not occur. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770.

The pertinent testimony of the jurors, when given a construction favorable to the order of the trial court, is as follows: The juror Spring: A statement was made during the jury's deliberations to the effect that a man who had a history of a back injury would not pass the physical examination required of a man seeking a job on public works. The statement was made after the jurors had agreed on their answers but before they were written down. Spring thinks he made a statement after the trial was over to the effect that it was the policy of his employer, Montgomery Ward & Co., not to accept a man for employment who had had a previous back injury. There was no dissension among the jurors as to their answers. There was bound to have been only a bare mention as to what employers would do about back injuries, because the jury was out only about thirty minutes before returning the verdict. The juror Lee: Lee was foreman of the jury. Some statements were made in the jury room concerning the policies of companies with respect to back injuries. Lee does not believe that such statements were made until after the verdict was agreed on, possibly before the answers were written down, but after they had been agreed on. There was not a long discussion of the matter, just a brief mention. The juror Salter: It seems to him (Salter) like somebody made mention of such a matter when the jurors started back into court. The juror Watson did not remember such a discussion. The juror Brown remembered only a statement concerning the policy of Montgomery Ward & Co., which was made after the verdict was reached. The juror Newberg did not remember any such discussion. The juror Fields did not hear such a discussion. We think that the evidence amply warrants

a holding that there was no misconduct on the part of the jury in reaching its verdict. We have carefully considered the late decisions cited by appellant, but find nothing in them requiring that we reverse the decision of the trial court on this question.

The seventh and last point of error complains of a portion of the jury argument of plaintiff's attorney. We quote the remark which is complained of:

"Now, we get down near the last to questions with reference to whether his condition is due solely to other defects, or due solely to arthritis.

"Now remember this court does not tell you and does not ask you, and there is nothing here to bring out to you if arthritis has got anything to do with his condition that that knocks this business out the window."

Appellant's contention is that the argument just quoted informed the jury of the effect of their answers.

The issues being discussed at the moment were No. 13, which inquired if plaintiff's total disability, if any, was not solely the result of arthritis, No. 14, which inquired if the total disability, if any, was not due solely to physical defects, disease or diseases not the result of the injuries in question, No. 15, which inquired if the partial disability, if any, was not solely the result of arthritis, and No. 16, which inquired if the partial disability, if any, was not solely the result of other diseases, etc.

At the outset of our consideration of this point of error we encounter a matter of appellate procedure. It has been held in many cases that in the absence of a bill of exceptions the appellate court will not pass upon the argument or remarks of counsel as constituting reversible error. See 3 Tex.Jur., p. 581, and cases there cited. This is for the obvious reason that the arguments of the attorneys do not appear in the record of the case unless preserved in a bill of exceptions duly authenticated by the trial judge and properly filed and brought forward in the transcript. There is no such bill of exceptions in the record before us. We find, however, a reply filed by plaintiff in the trial court to the defendant's amended motion for new trial in which there is set out an alleged stenographic transcript of a portion of the argument of plaintiff's attorney to the jury. It may possibly be that the filing of such a pleading constituted a judicial admission on the part of plaintiff that his attorney made the argument that is set out in the pleading. If it was not the argument made by plaintiff's attorney, then we do not know what he argued to the jury.

Appellant contends that the argument "if arthritis has got anything to do with his condition that that knocks this business out the window" was an effort by appellee to inform the jury that if they found that appellee had had arthritis it would "knock" his case "out the window." Appellee says that such was not the purpose nor the effect of such argument, and that a consideration of the remainder of the argument of his attorney will reveal that such was not the purport of the quoted remark, but that the remark was part only of a lengthy argument which, taken in its entirety, was clearly an attempt to persuade the jury that the court had not said anything in the charge to the effect that a prior arthritic condition would preclude a finding that the claimed disability was the result of the accident in question. We have read all the argument, on the theory that either all or none of it is before us for consideration, and agree with the construction argued for in appellee's brief. Appellee's attorney continued to argue at some length, immediately following the making of the quoted remark, that a person could be suffering from arthritis, or a disease, and that yet an injury could produce disability where it had not existed before, and argued that some of the medical testimony supported such a theory. Appellant did not object to the remark when it was made. If the remark was of such an ambiguous nature as that the jury might have construed it in the manner suggested by appellant, an instruction by the court, if one had been requested by appellant, doubtless would have cured any error.

The judgment of the trial court is affirmed.