## AMERICAN CASUALTY & LIFE CO. v. MASON.

No. 15297.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 7, 1951.

Rehearing Denied Jan. 4, 1952.

Holloway, Crowley & Hudson, of Fort Worth, and Malone, Lipscomb & Seay, of Dallas, for appellant.

Samuels, Brown, Herman & Scott, of Fort Worth, for appellee.

CULVER, Justice.

Appellee Mason sued on accident and health policy issued to him on August 22, 1944, by appellant company, asserting total disability as a result of tuberculosis beginning in September, 1948, and continuing to the date of trial. The policy provided an indemnity in the sum of $200 per month for a maximum of twenty-five weeks for total disability and loss of time.

The defense interposed by the company was that by the terms of a settlement and compromise of a former claim for disability caused by tuberculosis in 1947, in consideration of $300, the appellee had released company from any claims for disability that would thereafter result because of said illness. The release contained a statement to the effect that liability on the claim was denied by the company, but that the settlement was being made in compromise and to avoid litigation. On the same day a rider was attached to the policy which provided that the insured "agrees to waive any claim for indemnity on account of any loss or disability hereafter sustained which shall be caused or contributed to by tuberculosis in any form." The policy was redelivered to Mason and retained by him until the day of trial and he continued to pay the same premium as charged before, $94 annually.

It also appears that on January 2, 1946, Mason had submitted a prior claim for disability occasioned by bronchial pneumonia of one month's duration and on January 5, draft was issued by the company to Mason in payment of said claim in the sum of $53.33, on the back of which Mason executed the usual printed release form.

Appellee asserts that there was no consideration for such release insofar as the present claim is concerned and that the attempt to limit the policy by placing the rider on same was in violation of the provisions of Articles 5068–1–2 and 2–a, Vernon's Annotated Civil Statutes [See V.A.T.S. Insurance Code 1951, arts. 14.18, 14.20].

In answer to special issues the jury found:

1. Mason did not contract the disease of tuberculosis before February 23, 1945.

2. That tuberculosis caused plaintiff's disability and total loss of time on September 30, 1948.

3. That such total disability and total loss of time continued to exist until the time of the trial.

The court thereupon entered judgment in favor of appellee for the sum of $5,000, being the sum of $200 per month for twenty-five months' total disability, the maximum allowed under the terms of the policy.

Appellant presents eleven points of error. Points 1 to 4 contend that the trial court erred in refusing defendant's motion for an instructed verdict and denying its motion for judgment non obstante veredicto for the reason that as the result of a prior settlement, appellee had released the company from liability for any future disability caused by tuberculosis and a rider to that effect had been placed upon the policy.

In our opinion there was no consideration for the relase insofar as it affects the claim sued upon. Appellant asserts that it, in good faith, denied liability for the 1947 claim for disability caused by tuberculosis on the ground that when it paid a $53 claim in January of 1946, based on one month's disability, caused by bronchial pneumonia, Mason signed the usual form of release on the back of said draft. We think this contention is untenable. Bolton v. Inter-Ocean Life & Casualty Co., 187 Mo. 167, 172 S.W. 1187. In our opinion, the only bona fide dispute, at the time of the 1947 settlement, was the existence of the disability and the extent thereof. The company had no other grounds upon which to resist payment of the claim.

The witness Thomas, claim agent for the company, testified that it was his opinion at the time of the 1947 settlement that the tuberculosis pre-dated the issuance of the policy and says that he based that opinion on the "proofs of loss submitted by the appellee." We see nothing in the "proofs of loss" which would indicate that tuberculosis had its inception prior to the issuance of the policy in 1944. In fact a letter from Thomas to appellee's attorney, written less than a month before the 1947 release was executed, reads as follows: "The proofs show conclusively the condition suffered originated prior to the date we secured a release on a prior claim, therefore, this claim is not covered." We think the case of Wade v. Mutual Benefit Health & Accident Association, 115 W.Va. 694, 177 S.E. 611, 614, by the West Virginia Supreme Court of Appeals is almost squarely in point, holding, "When the association accepted Sam Wade as a policyholder and received his payments of premiums as required by it, it insured him against illness as in the policy defined. It cannot avoid that responsibility by exacting of him receipts and releases meant to limit the liability which by its contract it had assumed. * * * This proposition is emphasized by the fact that the purported acquittances are not supported by valuable consideration. The waiver of a vested right under a contract must rest on valuable consideration."

Appellant contends that the 1947 claim was only for one month's disability, being from the 17th of October to the 16th of November, 1946, for which the maximum indemnity was $200, and that in settlement some three months later, they paid to Mason $100 more than the amount of his claim. It must be remembered, however, that the claim submitted by Mason at that time was dated November 16, 1946, and bore the notation, "This report is given, not as a final report as disability now exists, but X-ray shows considerable improvement and also lab tests." Thomas also testified that in January and in February following, Mason was seen around town several times apparently attending to his business. The policy provided indemnity for partial as well as total disability. At first it was de-

manded that upon the payment of $300, Mason cancel and surrender the policy which he refused to do. When this purported settlement was finally consummated the company required Mason to execute three releases, the usual form on the back of the draft, one designated "release for claims compromised," and the third, "compromise settlement received," all were to the same general effect, namely, that liability by the company was denied, but in consideration of the sum of $300, the company was released from any loss that might thereafter result because of said illness.

We hold that the company had no ground upon which to deny liability, having issued to the insured a "non-cancellable lifetime renewable contract."

The rider placed upon the policy, exempting the company from further liability for any disability caused by tuberculosis, could be of no more force and effect than the purported releases. No reduction in the premium was made and the company continued to collect as before the same $94 premium. Rice v. Provident Life & Accident Ins. Co., 231 Mo.App. 560, 102 S.W. 2d 147; Woodmen of World Life Ins. Soc. v. Smauley, Tex.Civ.App., 153 S.W.2d 608.

In the case of Connell v. Provident Life & Accident Ins. Co., 148 Tex. 311, 224 S.W. 2d 194, cited by appellant, the facts were that the insured had sustained an accident and later executed a full and complete release which was binding in the absence of fraud. This case is not applicable here. The insuring clause in the policy reads in part as follows: "against loss of time beginning while this policy is in force and resulting from disease, the cause of which originates more than thirty days after the date hereof." White v. Inter-Ocean Casualty Co., 117 W.Va. 236, 185 S.E. 203; Mitchell v. Mutual Ben. Health & Accident Ass'n, 178 S.C. 265, 182 S.E. 892. Points 1 to 4 are overruled.

The next group complains of the form and manner of the submission of interrogatories Nos. 3 and 4 which were as follows:

"Do you find from a preponderance of the evidence that such total disability and

total loss of time, if any you have found to exist, continued to exist until the present time?

"Answer Yes or No. Answer: Yes.

"If you have answered Special Issue No. 3 'Yes', you need not answer Issue 4; but if you have answered Issue No. 3 'No', then answer:

"For what period of time do you find from a preponderance of the evidence that such total disability and total loss of time, as that term has been hereinabove defined, continued from and after September 30, 1948, if you have found that plaintiff sustained total disability and total loss of time on said date?

■■ Appellant asserts that he was entitled to an unconditional submission of No. 4 and that the court erred in instructing the jury not to answer Issue 4 if they answered Issue No. 3 in the affirmative. He cites in support of this contention two Workmen's Compensation cases, Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314; Southern Underwriters v. Wheeler, 132 Tex. 350, 123 S.W.2d 340. As pointed out in Employers' Re-insurance Corporation v. Brantley, Tex.Civ.App., 173 S.W.2d 233 and Texas Employers' Ins. Ass'n v. Tate, Tex.Civ.App., 214 S.W.2d 877, the two aforementioned cases were decided prior to the adoption of Texas Rules of Civil Procedure 277 and 279, and hold that, now, when the defendant pleads only a general denial, it is not entitled to an unconditional submission of independent issue inquiring as to temporary, total or partial incapacity. Only a general denial was plead by appellant insofar as the existence or extent of the disability was concerned. The evidence of total disability from September, 1948, to the date of the trial was clear and convincing. Appellee admits that he had worked and earned some money during this period but that is not the test of total disability. The medical testimony was to the effect that Mason had active tuberculosis and that complete bed rest was prescribed; that he was in no condition to work and the doctors had protested against his making any such efforts. "[A]s a general rule it can be said that a person is totally disabled from the time of injury until the time of death when during all such time his condition is such that common prudence, and the exercise of ordinary care, would require him to desist from the performance of his duties." Kemper v. Police & Firemen's Ins. Ass'n, Tex.Com. App., 44 S.W.2d 978, 981. The points are overruled.

■■ The last group of points complain of special Issue No. 5, reading as follows: "Do you find from a preponderance of the evidence that at the time of the payment by the defendant to plaintiff of the sum of $300 on April 11, 1947, the only bona fide dispute between defendant and plaintiff concerning the right of plaintiff to receive said payment, was the contention of the defendant insurance company that it was not liable to plaintiff for the payment of any sum because of the prior release executed by plaintiff on January 5, 1946?"

First, it is contended that the issue was the submission of a question of law or mixed law and fact. Second, that it was not the only contention of the plaintiff, and third, that it was not supported by the pleadings. We overrule these contentions. The issue did not need to be supported by appellee's pleading, as it was raised by the defenses of appellant. If it was the submission of a question of law, then it should not have been submitted and the submission was not harmful to the appellant. His point, that there were other contentions, was decided adversely to him by the jury. We are of the opinion, as stated elsewhere, that the prior release executed by plaintiff on January 5, 1946, afforded no bona fide dispute between appellant and appellee as a basis for the settlement entered into on April 11, 1947.

In this counter point 4, appellant urges that by reason of the provisions of Articles 5068-2 and 5068-2a, the rider attached to the policy was void and ineffectual.

Article 5068-2a did no more than repeal the provision of 5068-2 insofar as it affected Health and Accident Policies and therefore left in effect and unamended Article 4859f [See V.A.T.S. Insurance Code 1951, art. 13.04]. In case of Imperial Life

Insurance Company v. Thornton, Tex.Civ. App., 138 S.W.2d 295, it was held that a Mutual Life Insurance Company was not prohibited by law from writing reasonable limitations on its liability in the policies issued. See cases cited. The counter point is therefore overruled.

Finding no reversible error, the case is affirmed.

RENFRO, J., not participating.