Opinion of the Commission of Appeals adopted, and mandamus awarded.

**GREAT SOUTHERN LIFE INS. CO. v. HEAVIN.**

No. 1254—5638.

Commission of Appeals of Texas, Section B. June 10, 1931.

Vinson, Elkins, Sweeton & Weems and Fred R. Switzer, all of Houston, for plaintiff in error.

David E. Coffman, of Dallas, for defendant in error.

SHORT, P. J.

The nature and result of this case, having been fully stated by the Court of Civil Appeals in its opinion, 21 S.W.(2d) 1086, it will only be necessary to briefly state the material facts in order to dispose of the only law question involved.

The plaintiff in error, on March 1, 1927, issued a life insurance policy to James M. Heavin, contracting to pay to Clara Roberta Heavin, his wife, the sum of $3,000 at his death, the consideration therefor being the payment of a premium for the first year amounting to $35.10. James M. Heavin died on May 4, 1927, and on May 19, 1927, the beneficiary, the defendant in error here, submitted proof of the death of the said James M. Heavin and demanded payment of the $3,-000. This was refused by the plaintiff in error, and this suit was instituted, the trial being to a jury who answered certain special issues upon which the district court rendered judgment in favor of the defendant in error for the $3,000, accrued interest, 12 per cent. penalty, and $600 attorney's fees.

Upon appeal to the Court of Civil Appeals at Dallas the judgment of the district court was affirmed. The policy of insurance provided, among other things, the following: "In case of the death of the insured by his own hand, or hands, either sane or insane, within two years from the date of this policy, the company's liability shall be limited to the amount of the premium paid thereon." It was the contention of the plaintiff in error, upon the trial of the case, that James M. Heavin came to his death by his own hand by voluntarily taking carbolic acid. The jury found that he did not so die. The plaintiff in error contended that, notwithstanding this answer to this issue, the defendant in error had agreed that he did so die, and introduced in evidence the written statement of the defendant in error in this language:

"Houston, Texas, May 21, 1927.

"Received of the Great Southern Life Insurance Company the sum of Thirty-Five and 10/100 dollars which is hereby acknowledged to be in full payment of the claims and demands under Policy Number 158302 issued on the life of James M. Heavin, deceased.

"[Signed] Mrs. Clara P. Heavin, Beneficiary.

"Witness:

"A. G. Raines,

"E. M. Paulk."

The beneficiary alleged that she was induced to execute this paper through the false statements and fraudulent misrepresentations of the said E. M. Paulk, who seems to have posed as her confidential friend and adviser in settling the affairs of her husband, including this particular matter. However, the jury found that this written instrument was not executed by reason of any of the alleged false statements and fraudulent misrepresentations of E. M. Paulk, though the jury did also find that the beneficiary did not know that the instrument she signed was a release of her claim to the $3,000.

The Court of Civil Appeals, in affirming the judgment of the district court, reached the conclusion that the written release, introduced in evidence, was without consideration, and in support of its conclusion cited Fidelity & Casualty Co. of New York v. Mountcastle (Tex. Civ. App.) 200 S. W. 862; First Texas Prudential Ins. Co. v. Connor (Tex. Civ. App.) 209 S. W. 417; Woodall v. Pacific Mutual Life Ins. Co. (Tex. Civ. App.) 79 S. W. 1090, which cases are authority for the principle that, where a creditor's demand is made up of certain specific items, and the debtor pays one item of such claim, about which there is no dispute, and takes a release for the items which are in dispute, such release executed under such conditions is not binding upon the creditor as to the disputed items. The Court of Civil Appeals also holds that the contention of the plaintiff in error, based on the rule of law that, even though a claim rests on a liquidated demand, yet if there is a bona fide dispute of the validity of the claim by the debtor, either in whole or in part, and the creditor accepts a smaller sum than the amount of the claim, in complete discharge of the claim, the creditor is bound thereby, and cannot be heard in a court to claim the remainder, while supported by the opinions in Buford v. Construction Co. (Tex. Civ. App.) 279 S. W. 513, 515; Cristler v. Williams, 62 Tex. Civ. App. 169, 130 S. W. 608; Bergman Produce Co. v. Brown (Tex. Civ. App.) 156 S. W. 1102, and the authorities cited by these cases, is not applicable to the facts of this case. It therefore reached the conclusion that under the facts of this case there was no consideration for the execution of the release.

█ The plaintiff in error presents this holding of the Court of Civil Appeals as error by several assignments. We think all of these assignments presenting this question should be sustained. Under the theory of the plaintiff in error it owed the defendant in error $35.10, and that the payment of this amount relieved it from any further liability under the terms of the policy. Having paid this amount to the defendant in error, which she accepted, and which she did not offer to return, this situation presented a complete defense to the demand of the defendant in error, since this defense was evidenced by an instrument in writing constituting a complete release of the claim of the defendant in error. It is true she attempted to avoid the force and effect of this written instrument by pleading and attempting to prove that its execution was procured by fraud, but the jury found against her contention, and this left this written instrument standing as though it had never been assailed. A party to a written settlement may not contend that there was no dispute to compromise, when the instrument itself clearly states the grounds for the settlement and he deliberately signs and acknowledges it. Texas Jurisprudence, par. 29, p. 269, and par. 30, p. 271, and authorities there cited. This is the situation of the defendant in error in this case. It is true that the jury found that the insured did not commit suicide, but, in determining whether there was a consideration for the agreement, the situation as it was presented at the time the agreement was made can only be considered. A subsequent change in the relation of the parties and of the facts of the case can have no bearing upon the question whether there was a consideration for the substituted contract.

The plaintiff in error contended from the first that the insured died from carbolic acid, self-administered. Apparently, at the time she executed the release, the defendant in error contended that he did not so die. The policy expressly provided that, if the insured died from his own hands, the beneficiary would be entitled to $35.10. She accepted this $35.10 in full satisfaction of her claim, by virtue of the policy, and executed a release to this effect, without having been induced to do so by any fraud on the part of the plaintiff in error. Such being the situation, the defendant in error received all she is entitled to receive, under the terms of the policy.

█ We are, however, impressed, after a careful reading of the whole record in this case, that, while the judgment of the Court of Civil Appeals and that of the district court must be reversed, the defendant in error at least, and possibly also the plaintiff in error, upon another trial of the case, may be able to develop other testimony in support of their respective contentions. Moreover, it appears that the answer to one of the material issues, presented to the jury, wherein the jury found against the contention of the defendant in error, is not only not supported by any testimony, but that it is in direct opposition to the uncontroverted facts. Besides it appears that the plaintiff in error, as her theory was presented in her petition, did not support this theory by even sufficient testimony to justify its submission to the jury, since the trial court did not submit it and the defendant in error did not complain of its failure to do so. For these and other reasons, indicating that the case has not been fully developed, we think

the cause should be remanded for another trial.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and that the cause be remanded to the district court for another trial.

## CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and the cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.