## CONNELL v. PROVIDENT LIFE & ACCIDENT INS. CO.

### No. 15030.

Court of Civil Appeals of Texas.
Fort Worth.

March 18, 1949.

Rehearing Denied April 15, 1949.

A. F. (Jack) Nossaman, of Sherman and Gallagher, Francis & Bean and Ralph Gillen, all of Dallas, for appellant.

Freels & Elliott and Ralph Elliott, all of Sherman, for appellee.

McDONALD, Chief Justice.

Connell, plaintiff in the trial court and appellant here, sued Provident Life & Accident Insurance Company to recover monthly accident indemnity benefits of $100 per month for 19 months alleged to have accrued under a policy of insurance issued to him. Plaintiff also sued for interest, the statutory penalty of twelve per cent, and an attorney's fee. The parties dispute whether the verdict of the jury was favorable to plaintiff or defendant. It is not entirely clear whether the court rendered judgment on the verdict or notwithstanding the verdict. It was ordered that plaintiff take nothing by his suit, and he has appealed, presenting three points of error. Appellee presents several cross-points, which become material if it is held that the verdict supported a judgment for plaintiff. The points and cross-points raise the issues that are discussed in this opinion.

Recovery is sought under the terms of Part III, Sec. (a) of the policy, which provides, to quote in part from it, that acci-

dent benefits of $100 per month shall be paid " * * * for the total loss of time commencing on or within ten days from the date of the accident, during which such injury alone shall wholly and continuously disable and actually prevent the Insured from performing each and every duty pertaining to any business or occupation. * * *"

The jury findings establish such type of disability, and the fact that it is permanent.

The verdict in part is that appellant (1) sustained an accidental injury on May 31, 1946, (2) through external, violent and accidental means, (3) that appellant as a direct result of such injuries has become wholly and continuously disabled and actually prevented from performing each and every duty pertaining to any business or occupation, (4) that such disability is permanent, and (7) that such disability began within ten days from the date of the accident. It is seen that the verdict in this respect is favorable to appellant and would have supported a judgment in his favor. We have for consideration the general question of whether or not the court erred in rendering judgment for defendant either on or in spite of the verdict, and also certain questions raised by cross-assignments which would have been raised by appellee as grounds for reversal if the judgment had been for appellant.

The general question first mentioned can perhaps best be considered by discussing the reasons advanced in appellee's brief for affirming the judgment.

Appellee first says that appellant had fully released and discharged appellee from liability. Most if not all of the facts pertinent to the issue of release are not disputed. The alleged accident happened on May 31, 1946. Appellant served appellee with no notice of any claim under the policy until during the month of February, 1947. After an exchange of correspondence between the parties, appellee began paying monthly benefits covering a period beginning February 18, 1947. In response to a letter from appellee, appellant sent appellee proof of disability, on which appellee paid appellant $87.60 on April 1. On proof of disability dated April 18, appellee sent appellant its check for $93.80 dated April 24. This purported to be a monthly benefit of $100 less a deduction of $6.20 to cover a premium. Under similar circumstances appellee sent appellant a draft for $93.80 dated May 23. The letter transmitting the draft recited that it represented benefits for another month, and also enclosed a form for appellant's use in filing further proof on June 18. The policy required in such cases that proof of continuing disability be furnished by the insured each month. In the letter just mentioned appellee also requested appellant to make a trip to Fort Worth to be examined by appellee's doctor, Dr. Charles F. Clayton. Appellant sent in another monthly proof of disability, dated June 23.

Appellant was examined by Dr. Clayton on June 9. Dr. Clayton's report to appellee, after reciting in detail the nature of the examination given appellant and Dr. Clayton's findings, stated the conclusion that appellant had no disability at the time of the examination. On June 27 appellee wrote appellant, referring to Dr. Clayton's report, and said:

"In view of this, the only thing that we can do is make payment up to and including June 9, the date that the examination was completed. This involves benefits for 22 additional days for which we are glad to enclose draft for $73.33."

The draft for $73.33 was different in form and printed on paper different in color from the previous drafts which appellant had received. The earlier drafts had printed thereon a receipt of "partial payment" of claim. In the face of the $73.33 draft there was a recital that it was "in full settlement of any and all claims which payee has or may have by reason of sickness injuries death occurring or beginning on or about the 18th day of Feb. 1947," and also printed on the draft, above the place designated for appellant's signature of endorsement, was the following, "For and in consideration of the amount shown on the face hereof, receipt of which is hereby acknowledged, I hereby release and forever

discharge the Provident Life and Accident Insurance Company from any and all liability arising from the claim thereon referred to."

Appellant testified that he did not read the release, nor pay any attention to the fact that the form of the draft was different from those theretofore received, but it must be said that the evidence fails to show any reason why he could not have done so.

The grounds pleaded by appellant in avoidance of the effect of the release were want of consideration therefor and fraud in its procurement.

It seems clear to us that there was no consideration for the release of any claim for benefits except those covering the 22 days expressly mentioned in the letter of June 27 transmitting the draft to appellant. The jury found that the $73.33 was in payment of benefits for 22 days, that the letter from appellee to appellant was a representation that such check was a payment for benefits for bodily injuries, and that appellee intended to cause and did cause appellant to believe that such check was in payment for benefits for 22 days. While we think that such facts are shown without dispute, it is clear in any event that the findings of the jury compel a conclusion of law that the release of future benefits, if such was intended, was without consideration. Not only that, but the clear import of the jury findings is that neither party intended that the $73.33 should be payment of anything but the benefits for 22 days. There was nothing in appellee's letter to indicate that there was any dispute as to liability for the 22 days for which payment was being made. The facts are in some respects like those in American Casualty & Life Co. v. McCuistion, Tex. Civ.App., 202 S.W.2d 474, writ ref. n. r. e.

Appellant also attacked the release on the ground of fraud, the contention being that it was obtained on the fraudulent representation that the $73.33 was only in payment of benefits for 22 days. The jury found that such representation was made and that appellant relied on it, but found that the representation was not false. We are not able to see how appellee is aided by the finding that such representation was not false. The jury were consistent in their findings. They found that the $73.33 was in payment of the benefits for 22 days, and that appellee so represented to appellant in its letter of June 27. The findings produce one or the other of two results, either of which is fatal to the contention that appellant is barred by a release of his claim. If the representation was true, that is to say, that the $73.33 was in payment of the 22 days' benefits, then settlement of future claims is simply not in the case. If appellee be correct in saying that the release did cover future claims, then necessarily its representation to the contrary was false, which fact, taken with those found by the jury, make out a case for avoidance of the release on the ground of fraud.

We overrule the contention that the trial court's judgment can be upheld on the release theory. We have carefully examined the decisions cited by appellant in support of such contention, but believe that the facts in them distinguish them from the case now on appeal.

Appellee says that the judgment should be upheld on the ground that appellant failed to comply with the policy provisions requiring the insured to furnish proof of disability during every thirty days of continued disability.

As pointed out above, appellant made no claim until February, 1947, and furnished the first proof of disability after that time. But appellee made payments of benefits for several months. We think that the making of these payments amounted to a waiver of any failure to make such proofs prior to the time such payments were made. The jury found that appellee by furnishing proof of disability forms to appellant on March 4, 1947, intended to waive the written notice of injury. As for proofs of disability for the periods following June of 1947, we think that appellee's letter of June 27 was such a denial of liability for future payments as to constitute, as a matter of law, a waiver of further proofs. Sanders v. Aetna Life Insurance Company,

146 Tex. 169, 205 S.W.2d 43, 173 A.L.R. 968.

Special Issue No. 3 reads as follows:

"Do you find from a preponderance of the evidence that as a direct result of said bodily injuries, if any, plaintiff has become wholly and continuously disabled and actually prevented from performing each and every duty pertaining to any business or occupation?"

■■ Appellee's complaint that the issue is duplicitous because it inquires whether plaintiff has become "wholly" and "continuously" disabled is overruled on authority of such cases as Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210; and Howell v. Howell, Tex.Sup., 210 S.W. 2d 978, 980. As said in the last cited case, "Where, as in this case, the one ultimate issue embraces a number of subsidiary facts, it is not improper to include in the issue these several facts, and a special issue so framed is not duplicitous."

After giving the question careful consideration, we have come to the conclusion that reversible error is found in the definition immediately following Special Issue No. 3 in the charge. It reads as follows:

"You are instructed that the expression 'wholly and continuously disabled and actually prevented from performing each and every occupation' as used in this charge does not mean an absolute physical disability to perform each and every duty, but a person is wholly disabled if he is rendered continuously and substantially unable, by the exercise of ordinary care, to perform every material duty pertaining to his or any occupation or such work that the person is qualified to perform."

Part III of the policy contains two paragraphs designated by letters (a) and (b). Sec. (a) provides for payment of benefits of $100 per month for the whole period of disability where the insured is disabled from performing each and every duty pertaining to any business or occupation. Sec. (b) provides, among other things, for payment of benefits of $50 per month, not exceeding three consecutive months, where the disability prevents the insured from performing work substantially essential to the duties of his occupation.

■ The complaint especially made of the quoted definition is that it permitted the jury to find disability if they believed that appellant was disabled from performing every material duty pertaining to his occupation, whereas appellant was entitled to recover the benefits provided in Sec. (a) of Part III only in the event he was disabled from performing the duties pertaining to any business or occupation. Appellant sought recovery under the provisions of Sec. (a), and the inquiry addressed to the jury should have been as to the existence or not of the factual basis of liability laid in said section, to-wit, such disability as wholly and continuously disabled and actually prevented the insured from performing the duties of any occupation or business, and not merely such disability as prevented him from performing the duties of his or any occupation.

■ Appellee vigorously contends that the evidence shows without dispute that appellant did not suffer a total and continuous disability beginning within ten days after the alleged accident. While there is persuasive evidence that appellant did not suffer such disability as wholly and continuously disabled and actually prevented him from performing the duties of any occupation or business, beginning within such ten day period, we are not prepared to say that there is no evidence of probative value in support of the verdict, viewed in the light of many decisions of appellate courts in this state which have upheld such verdicts in cases where the insured continued to do some work during the claimed period of disability. No good purpose would be served by an attempted restatement of the applicable rules. Citations of numerous pertinent decisions may be found in 24 Tex.Jur., Insurance, Sec. 241, page 104, 6 Tex.Jur. Ten Year Supp., same title and section, page 243.

We overrule appellee's fourth cross-point in view of what is already said in the opinion.

■ We agree with appellee that the jury verdict was excessive with respect to attorney's fee.

Reversed and remanded.

840

## On Motion for Rehearing

Appellant and appellee have both filed motions for rehearing. We have considered them carefully, but adhere to the views expressed in our original opinion.

Appellant especially contends that we were wrong in holding that the trial court's definition of total disability constituted reversible error. We shall briefly refer to the decisions cited by the parties which appear to us to be most nearly in point.

Great Southern Life Ins. Co. v. Johnson, Tex.Com.App., 25 S.W.2d 1093, did not involve the court's charge. There are some remarks in the opinion which, taken alone, might seem to support appellant's argument that the definition employed by the court in the present case was correct, but we do not believe that the opinion as a whole is in conflict with what we have held here.

The definitions of total disability found in the charges in Aetna Life Ins. Co. v. Allen, Tex.Civ.App., 137 S.W.2d 78; and in Jefferson Standard Life Ins. Co. v. Curfman, Tex.Civ.App., 127 S.W.2d 567, contained qualifying expressions not found in the definition now before us, and it is our belief that our views are not in conflict with the opinions in those cases. Aetna Life Ins. Co. v. Motheral, Tex.Civ.App., 183 S.W.2d 677, did not involve the precise problem now before us. Nor do we find anything in the opinion in Winters Mutual Aid Ass'n v. Reddin, Tex.Com.App., 49 S.W.2d 1095, to support that contention that the complained of definition was correct. Several of the decisions cited by appellant deal primarily with the sufficiency of the proof to show disability, and are not entirely in point.

To us it seems that the case most nearly in point is American National Ins. Co. v. Briggs, Tex.Civ.App., 70 S.W.2d 491, writ dismissed, where a definition much like the one now before us was declared to be erroneous, and where the distinction was noticed between policies insuring against disability to perform the duties of any occupation from those insuring against disability to perform the duties of one's own occupation.

For an extended discussion of the distinction between such policies, and for citations of many pertinent authorities, reference is made to 29 Am.Jur., Insurance, par. 1165, and the same paragraph in the Cumulative Supplement to said volume, and to annotations in 149 A.L.R., beginning at page 40, and in 153 A.L.R., beginning at page 435.

Both motions for rehearing are overruled.