## ALVIN H. CONNELL V. PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY.

No. A-2246. Decided October 26, 1949.
Rehearing overruled November 30, 1949.
(224 S. W., 2d Series, 194.)

*Freels & Elliott* and *Ralph Elliott,* all of Sherman, for petitioner, Provident Life & Acc. Ins. Co.

The Court of Civil Appeals erred in holding that the release executed by Connell was not supported by consideration and that it was procured by fraud. Great So. Life Ins. Co. v. Heavin, 39 S. W. (2d) 851; Provident Life & Acc. Ins. Co. v. Hancock, 221 Ky. 316, 298 S. W. 954; Fort Worth & D. C. Ry. Co. v. Larson, 169 S. W. (2d) 260.

*A. F. (Jack) Nossaman,* of Sherman, *Gallagher, Francis & Bean,* and *Ralph Gillen,* all of Dallas, for respondent, Connell.

Where one signs a release without reading it relying on a representation that it is something other than a release, he is not bound thereby. International & G. N. R. R. Co. v. Harris, 95 Texas 346, 67 S. W. 415; Houston & T. C. Ry. Co. v. Burns, 63 S. W. 1035; Chicago R. I. & G. Ry. Co. v. Vesera, 237 S. W. 349.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

In this case plaintiff, A. H. Connell, sued the defendant Provident Life and Accident Insurance Company, for accidental injury benefits under a policy of the defendant insuring plaintiff against sickness and accident. The trial court, after a jury verdict generally favorable to the plaintiff, gave judgment for the defendant. The Court of Civil Appeals, considering that the basic legal questions, including those bearing on the defense of release, should have been decided favorably to the plaintiff, reversed the case, but, upon cross assignment by defendant-appellee, ordered a new trial because of an error in the trial court's instructions regarding an issue on plaintiff's disability. 219 S. W. (2d) 835. Upon application by both parties for writ of error, we granted that of the defendant insurer on the point of release and that of the plaintiff because of granting the former. For convenience, we will henceforward refer to the defendant as petitioner and the plaintiff as respondent.

The policy was in more or less the usual form providing for monthly payments during disability from disease at the rate of $100.00 per month and from accidental injury at the rate of $100.00 per month or less depending on the extent of the disability, containing also requirements for notice of claim and monthly proofs of disability during the period for which benefits might be claimed.

The issue of release, with relevant facts, is well presented in the opinion of the Court of Civil Appeals as follows:

"* * * Most if not all of the facts pertinent in the issue of release are not disputed. The alleged accident happened on May 31, 1946. Appellant served appellee with no notice of any claim under the policy until during the month of February, 1947. After an exchange of correspondence between the parties, appellee began paying monthly benefits covering a period beginning February 18, 1947. In response to a letter from appellee, appellant sent appellee proof of disability, on which appellee paid appellant $87.60 on April 1. On proof of disability dated April 18, appellee sent appellant its check for $93.80 dated

April 24. This purported to be a monthly benefit of $100 less a deduction of $6.20 to cover a premium. Under similar circumstances appellee sent appellant a draft for $93.80 dated May 23. The letter transmitting the draft recited that it represented benefits for another month, and also enclosed a form for appellant's use in filing further proof on June 18. The policy required in such cases that proof of continuing disability be furnished by the insured each month. In the letter just mentioned appellee also requested appellant to make a trip to Fort Worth to be examined by appellee's doctor, Dr. Charles F. Clayton. Appellant sent in another monthly proof of disability, dated June 23.

"Appellant was examined by Dr. Clayton on June 9. Dr. Clayton's report to appellee, after reciting in detail the nature of the examination given appellant and Dr. Clayton's findings, stated the conclusion that appellant had no disability at the time of the examination. On June 27 appellee wrote appellant, referring to Dr. Clayton's report, and said:

" 'In view of this, the only thing that we can do is make payment up to and including June 9, the date that the exemination was completed. This involves benefits for 22 additional days for which we are glad to enclose draft for .$73.33.'

"The draft for $73.33 was different in form and printed on paper different in color from the previous drafts which appellant had received. The earlier drafts had printed thereon a receipt of 'partial payment' of claim. In the face of the $73.33 draft there was a recital that it was 'in full settlement of any and all claims which payee has or may have by reason of sickness injuries death occurring or beginning on or about the 18th day of Feb. 1947,' and also printed on the draft, above the place designated for appellant's signature of endorsement, was the following, 'For and in consideration of the amount shown on the face hereof, receipt of which is hereby acknowledged, I hereby release and forever discharge the Provident Life and Accident Insurance Company from any and all liability arising from the claim thereon referred to.'

"Appellant testified that he did not read the release, nor pay any attention to the fact that the form of the draft was different from those theretofore. received, but it must be said that the evidence fails to show any reason why he could not have done so.

"The grounds pleaded by appellant in avoidance of the effect of the release were want of consideration therefor and fraud in its procurement." (219 S. W. 2d 837, 839).

As also pointed out in the opinion below, there were jury findings to the effect that: (1) the abovementioned check of June 27, 1947, for $73.33 evidencing the alleged release, "was in payment of 22 days benefit for bodily injuries"; (2) the above quoted letter of the defendant insurer to the plaintiff dated June 27, 1947, "was a representation to Plaintiff * * * that the accompanying check was a payment of benefits for bodily injuries"; (3) "the plaintiff * * * relied upon said representation * * * in endorsing said check"; (4) the representation contained in said letter was *not* false; (5) the defendant insurer "intended said letter * * * to cause the plaintiff to believe that said check was in payment of benefits for 22 days for bodily injuries"; (6) said letter "caused the plaintiff to believe said check containing the word 'release' was in payment of benefits for 22 days for bodily injuries"; and (7) "When the plaintiff * * * endorsed said check * * * he did not intend thereby to release the Defendant from payment of all future benefits for bodily injuries."

The Court of Civil Appeals held that the release was either lacking in consideration or procured by fraud. The respondent takes substantially the same position here, while the petitioner contends to the contrary and asserts various other grounds in support of its favorable judgment in the trial court. The conclusion we have reached on the issue of release necessarily restricts our discussion to that point.

The argument against consideration is not so much that the $73.33 payment made and relied on by the petitioner company was simply the payment of an undisputed antecedent debt and therefore not valid to support the release, but rather that it was not intended by the parties to be a consideration for anything but satisfaction of respondent's claim for disability for the period ending June 9 and referred to in petitioner's transmittal letter of June 27. If this latter contention were correct, then the release would indeed be invalid under the elemental principle of contract law that "nothing is a consideration that is not regarded as such by both parties." See Missouri, Kansas & Texas Railway Company of Texas v. Smith, 98 Texas 47, 81 S. W. (2d) 22, 107 Am. Rep. 607, 4 Ann Cas. 644, 66 L. R. A. 741; Chicago, R. I. & P. Ry. Co. v. Cain, 37 Texas Civ. App. 531, 84 S. W. 682, writ ref.; Fire Insurance Association v. Wickham, 141 U. S. 564, 12 Sup. Ct. 84, 35 L. Ed. 860; Williston on Contracts, Revised Ed. Vol. One, secs. 100 and 115. The American Law Institute includes in its definition of consideration the requirement that it shall be "bargained for in

exchange for the promise." Restatement of the Law, Contracts, sec. 75. The question thus becomes one of intent. As above indicated, the trial court submitted issues bearing on that question to the jury, which we may concede, for the purposes of this opinion, to have found that the $73.33 payment was not intended as consideration for the release. The Court of Civil Appeals evidently thought the evidence compelled such a finding. Our own view is just the opposite, since we have concluded that as a matter of law the payment in question was intended by as a matter of law the payment in question was intended by both petitioner and respondent to be consideration for the release. The evidence is undisputed. It consists largely of two written documents, the release-check and its transmittal letter of June 27, which also furnished respondent with the opinion of petitioner's doctor about respondent's then existing state of health. The only other evidence that might bear on the point was the undisputed fact that petitioner had theretofore been paying respondent upon a monthly basis as contemplated by the policy and the further fact that on or about June 23, or four days before the transmittal letter of June 27 was written, respondent sent petitioner a monthly "proof of disability" to cover the period of one month ending June 18th. Under these circumstances we agree with what was apparently also the view of the Court of Civil Appeals that the conclusion as to the intent of the parties was a matter for the courts rather than the jury. To this extent at least, Washington Nat. Ins. Co. v. Cook, 80 S. W. (2d) 327, (TCA) writ ref., seems clearly in point. The situation here in altogether different from that covered by decisions such as Chicago, R. I. & P. Ry. Co. v. Cain, supra, in which there was evidence and apparently conflicting evidence, as to verbal statements by the defendant's claim agent that the payment was merely a gift on his part and the release a different kind of instrument than it actually was.

Now in the Cook case, as in the others on which petitioner heavily relies, it may be that the evidence of intent to have the payment apply as consideration for the release was even more positive than in the instant case, but in the latter it is positive enough. While the bare words "benefits for 22 additional days, for which we are glad to enclose draft for $73.33", taken out of context, might be taken to suggest that petitioner meant to settle with respondent for the 22 days ending June 9, but leave open for future negotiation whatever greater rights respondent should claim, it is otherwise when we consider them together with the rest of the documents and other undisputed facts in question. The very check evidencing the payment recited un-

equivocally that the amount of the check was the consideration for the release. The language in the letter about the 22 days is far from an unequivocal contradiction of that recital. The fact that the payment was intended as a final one also rebuts the idea that it was not intended to support the release, and its character of finality is quite obvious from the standpoint of both parties, since petitioner had theretofore been paying respondent on a monthly or 30-day basis, rather than a 22-day basis, and before June 27 respondent had sent petitioner a "proof of disability" for a 30-day period extending several days beyond the end of the 22-day period to which the letter of June 27 referred. Petitioner's words, "The only thing we can do", are strongly suggestive of an intended final settlement of the whole controversy by means of the payment made. The report of petitioner's doctor enclosed with the letter and the release-check plainly shows why the payment was final. That petitioner's doctor found respondent not disabled on June 9, while the amount of the release check was evidently calculated on a basis that included June 9, goes to show that petitioner thought it was actually paying respondent more than he had any right to claim, which in turn still further supports the idea that the payment was truly intended for the purpose which the release-check clearly said it was. It seems to us rather obvious that the reference to 22 days disability in the transmittal letter was simply an explanation of how the amount of a proposed final settlement was arrived at—something in the way of an argument as to why respondent would do well to accept the offer. The effect of the letter under the circumstances was substantially the same as if petitioner had written respondent: "You say you have been disabled from May 18th, when we last paid you, to June 18th and possibly longer. We think you are mistaken about this, as you were all right as early as June 9th, according to our doctor's report herewith. The only claim you could possibly have against us would be one based on disability from May 18th to June 9th— or about 22 days. For purposes of a final settlement, we will assume that you were disabled up to and including June 9th, and accordingly offer you $73.33—an amount equivalent to what the policy provides for 22 days disability—in exchange for the release, which you will find on the back of the enclosed check in said amount. Your endorsement on said check will signify your acceptance of this offer."

As above indicated, we do not understand it to be urged that, even if the parties intended the $73.33 payment to be consideration for the release, such consideration was yet legally invalid, being no more than payment of an existing liquidated debt in

the same amount. Such a contention, if made, would have to be overruled under Washington Nat. Ins. Co. v. Cook, supra; Inter-Ocean Casualty Company v. Johnston, 123 Texas 592, 72 S. W. (2d) 583, and Great Southern Life Ins. Co. v. Heavin, 39 S. W. (2d) 851 (Tex. Com. App., holdings approved by the Supreme Court). The case of Provident Life & Accident Ins. Co. v. Ramsey, 256 Ky. 126, 75 S. W. (2d) 781, is to the same effect. Even if petitioner's letter of June 27 be construed as an admission—which it is not—that petitioner was theretofore indebted to respondent in the sum of $73.33 by reason of 22 days disability, the payment would yet support respondent's release, Williston on Contracts, supra, sec. 129, p. 441.

It follows from the foregoing that as a matter of law the release was not procured by fraud. Exactly the same undisputed evidence is involved here as in the issue of consideration, and the ultimate question is the same. If the transaction reflected an intent for the $73.33 payment to support the release—as we have held it did—it was not a misrepresentation by petitioner that something different from a full settlement was intended. If it reflected an intent for the payment not to support the release, the inclusion of the release would entail a misrepresentation, but there would also be a lack of consideration for the release. We repeat that we interpret the transaction as an offer by petitioner of full settlement, with an explanation or justification of its amount by reference to 22 days of claimed disability, and an acceptance by respondent of that offer. The cases of Chicago, R. I. & P. Ry. Co. v. Cain, supra, and International & G. N. R. Co. v. Harris, 65 S. W. 885 (Tex. Civ. App.,) aff'd 95 Texas 346, 67 S. W. 415, cited for respondent, involve facts readily distinguishable from those at bar and are not at variance with our conclusion. American Casualty & Life Co. v. McCuistion, 202 S. W. (2d) 474 (Tex. Civ. App.) writ ref. n.r.e., was one of mutual mistake of fact and involved a factual situation suggesting mutual mistake far more strongly than those of the instant case suggest fraud or lack of consideration. The opinion below mentions it but evidently does not rely on it.

The foregoing renders unnecessary any treatment of respondent's application for writ of error complaining of the action of the court below in remanding the case on cross assignment of an error in the charge regarding the facts of respondent's disability.

The judgment of the Court of Civil Appeals is reversed and that of the trial court in favor of petitioner, Provident Life and Accident Insurance Company, is affirmed.

Opinion delivered October 26, 1949.

Rehearing overruled November 30, 1949.