**AETNA LIFE INSURANCE COMPANY, Appellant,**

v.

**G. M. LUMAN, Appellee.**

**No. 481.**

Court of Civil Appeals of Texas, · Tyler.

June 11, 1970.

Rehearing Denied July 9, 1970.

Renfrow, Zeleskey, Cornelius, Rogers & Berry, Forrest G. Braselton, Lufkin, for appellant.

Badders & Keeling, C. A. Keeling, Nacogdoches, for appellee.

McKAY, Justice.

This is a suit on an insurance policy for disability benefits. Trial was before a jury, and judgment was entered on the verdict for appellee that he recover disability benefits through December 2, 1968, as a result of accidental bodily injury. Appellant has brought this appeal on eight points.

Points one through four will be discussed together since they relate to the definitions and instructions given by the trial court in connection with Special Issue No. 1, which issue, with definitions and instructions was as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that the accidental bodily injuries sustained by G. M. LUMAN on March 15 and April 2, of 1964 solely caused him to suffer total disability?

"Answer: 'YES' or 'NO'

"ANSWER:        Yes

"By the term 'total disability', as used in this issue, does not mean a state of complete helplessness or an absolute inability to do any work or transact any business, but 'total disability' exists if Plaintiff's injuries prevent him from engaging in any gainful occupation or employment for which he would otherwise be qualified by reason of his ability, training, experience and education if he cannot substantially perform every material act and duty of such occupation or employment. You are further instructed that 'gainful occupation' as used in the definition of 'total disability' is a

'relative term' for what may be a gainful occupation to one would not be for another. In arriving at what would be a gainful occupation for G. M. LUMAN in this case, you should consider his occupation and earning capacity at the time the policy of insurance (which this suit is based upon) was issued."

Appellant urges that the trial court committed error by his definition of "total disability" as set out above because it was contrary to the definition as provided in the contract of insurance. The paragraph in the insurance policy in question is as follows:

"3. * * * If such injuries shall, within thirty days after the date of accident, wholly and continuously disable and prevent the Insured from performing every duty pertaining to his occupation, the Company will pay monthly indemnity at the rate specified in the Schedule (one-thirtieth of the monthly indemnity rate for each day of any period less than one month) for the period of such continuous total disability, but for not exceeding twenty-four consecutive months. After the payment of monthly indemnity for twenty-four months as aforesaid, the Company will continue the payment of monthly indemnity at the same rate thereafter so long as the Insured shall be wholly and continuously disabled by such injuries from engaging in any gainful occupation or employment for which he is qualified or may reasonably become qualified. * * *"

It is stipulated that appellee had received payments for disability for twenty-four consecutive months because he was unable to perform every duty pertaining to his occupation; therefore, only the language:

"* * * so long as the Insured shall be wholly and continuously disabled by such injuries from engaging in any gainful occupation or employment for which he is qualified or may reasonably become qualified * * *"

in the policy was the trial court concerned within his Charge. Appellant cites Connell v. Provident Life and Accident Ins. Co., 219 S.W.2d 835 (Tex.Civ.App., Fort Worth, 1949), reversed on other grounds, 148 Tex. 311, 224 S.W.2d 194. This case was reversed by the Court of Civil Appeals because the section of the insurance policy upon which suit was brought provided:

"* * * disable(d) * * * from performing each and every duty pertaining to *any* business or occupation * *" (Emphasis ours),

whereas, the trial court's instruction provided:

"'* * * continuously and substantially unable, by the exercise of ordinary care, to perform every material duty pertaining to *his* or any occupation or such work that the person is qualified to perform.'" (Emphasis ours).

Appellant also cites American National Ins. Co. v. Briggs, 70 S.W.2d 491 (Tex. Civ.App., Beaumont, 1934, err. dism.), which may also be distinguished from the instant case. In the Charge, the trial court, in defining total disability, used the words "his occupation," and the insurance policy provided "any business or occupation," and the case was reversed for that reason.

In Jefferson Standard Life Insurance Co. v. Curfman, 127 S.W.2d 567 (Tex.Civ. App., Dallas, 1939, err. dism.), the policy provided:

"* * * permanently, continuously and wholly prevented thereby from pursuing any occupation whatsoever for remuneration or profit, * * *"

and the trial court defined total disability:

"'* * * disqualified from performing a substantial part of the usual kind of work in which he was engaged at the time of said injury, if any, and further disabled to perform a substantial part of any work or employment which he was

able to perform before such injury, if any.' * * *"

The Court affirmed the Curfman case, citing Commonwealth Bonding and Casualty Ins. Co. v. Bryant, 113 Tex. 21, 240 S.W. 893, and Great Southern Life Insurance Company v. Johnson, 25 S.W.2d 1093, 1094 (Tex.Com. of App., 1930), and other cases. The Johnson case, supra, quoting Hefner v. Fidelity & Casualty Co. of New York, 110 Tex. 596, 160 S.W. 330, 334, 222 S.W. 966, provides:

"* * * such a clause in the policy should be reasonably construed; a literal construction 'would require a complete loss of all physical power and mental capacity—in fact, it would scarcely happen that one could live and bring himself within the literal language of the contract.' * * *"

■ Total disability, in a contract of insurance as presented here does not mean an absolute physical inability to perform any of the duties pertaining to an occupation for which a person would be qualified, but would exist if such disability prevents such person from substantially performing every essential operation necessary to the performance of such occupation. Occidental Life Insurance Co. of California v. Duncan, 404 S.W.2d 52 (Tex.Civ.App., San Antonio, 1966, ref., n. r. e.); Prudential Insurance Company of America v. Tate, 162 Tex. 369, 347 S.W.2d 556 (1961); Great Southern Life Insurance Co. v. Johnson, supra; Connecticut General Insurance Company v. Reese, 348 S.W.2d 549 (Tex. Civ.App., Waco, 1961, ref. n. r. e.); 32 Tex.Jur.2d, Sec. 338, pages 531–533.

■ We hold the definition of total disability given by the trial court in connection with Special Issue No. 1 was correct. We find no error in the definition of "gainful occupation." Appellant concedes appellee could not perform each and every function of his former job. The record reflects that appellee had completed only the fourth grade in school and that

he had worked on a farm for a person who raised cattle and chickens and for two feed mills selling feed and doing manual labor of all kinds, including the care, feeding and vaccination of cattle. A policy providing for payment for total disability ordinarily is not one of indemnity against loss of income but against loss of capacity to work. The insured's occupation and earning capacity at the time the policy was issued was in contemplation of the parties, and what would be a gainful occupation for one may not be such for another. 32 Tex.Jur.2d, Section 338, pages 532–533; Great Southern Life Insurance Company v. Johnson, supra; Aetna Life Ins. Co. v. Motheral, 183 S.W.2d 677 (Tex.Civ.App., Fort Worth, 1944, n. w. h.).

It follows that the trial court did not commit error in overruling appellant's objections and exceptions to the instructions and definitions given in connection with Special Issue No. 1, nor in refusing to give appellant's requested instructions and definitions. Appellant's points 1 through 4 are overruled. John Hancock Mutual Life Insurance Co. v. Cooper, 386 S.W.2d 208 (Tex.Civ.App., Houston 1st, 1965, n. w. h.); Continental Casualty Co. v. King, 423 S.W.2d 395 (Tex.Civ.App., Amarillo, 1967, writ ref., n. r. e.).

■ Appellant, by his fifth point, complains of the refusal of the trial court to permit introduction of the insurance policy before the jury. There is no contention the contract is ambiguous. In 13 Tex.Jur.2d, Sec. 110, page 263, we find this statement:

"If there is no ambiguity whatever in a written contract, its construction then becomes a question of law for the trial court only. This principle also obtains where, though there is doubt as to the meaning of a written contract, the ambiguity arises solely from the language used in the agreement and not from any extrinsic matters. In such cases it is the duty of the court to instruct the jury, as a matter of law, on the legal meaning of the contract. * * *" Sun Oil Co.

v. Bennett, 125 Tex. 540, 84 S.W.2d 447 (1935); Gray v. Blau, 223 S.W.2d 53 (Tex.Civ.App., Beaumont, 1949, err. ref., n. r. e.); American-Amicable Life Insurance Company v. Lawson, Tex., 419 S.W.2d 823.

Since it was the court's duty to instruct the jury on the legal meaning of the language in the policy, there was no error in refusing to permit the policy to be introduced before the jury or exhibited to the jury. Point 5 is overruled.

By its sixth and seventh points, appellant complains that the form of Special Issue No. 3 was a comment on the weight of the evidence and that appellant's requested Special Issue No. 3 should have been given. Special Issue No. 3 as given by the trial court was as follows:

"SPECIAL ISSUE NO. 3

"Do you find from a preponderance of the evidence that G. M. LUMAN'S total disability, if any, has continuously existed from its beginning, if it did begin, up to and through December 2, 1968?

"Answer: 'YES' or 'NO'

"ANSWER: Yes          .

"You are instructed that the word 'continuously' as used in this Issue does not mean constantly, nor does it denote ceaselessness, and absolute continuity. It means regularly, protracted, enduring and without any substantial interruption of sequence, as contra-distinguished from irregularly, spasmodically, intermittently or occasionally."

Appellant's requested Special Issue No. 3 was:

"What do you find from a preponderance of the evidence to be the duration of such total disability, if any you have found?

"Answer by giving the date or dates, if any."

Appellee, in his First Amended Original Petition, upon which he went to trial, alleged that as of December 2, 1968, appellant was in arrears in its payments in the sum of $6,400.00 for which recovery was sought.

Appellant cites Owen Development Company v. Calvert, 157 Tex. 212 (1957), 302 S.W.2d 640, wherein the court held a Special Issue reading: "Do you find from a preponderance of the evidence in this case that the damages to Plaintiffs' property which occurred on August 24, 1954, proximately caused a loss of any net profits to them for a period of thirty-one (31) work days immediately following the fire?" to be a comment on the weight of the evidence. In the Calvert case, the only supporting evidence of a 31-day period of loss of profits was the testimony of an interested party, and it was a disputed fact.

We conclude the Calvert case and Johnson v. Zurich General Accident & Liability Ins. Co., 146 Tex. 232, 205 S.W.2d 353 (1947), may be distinguished from the instant one. The appellant's position here is that appellee was not totally disabled for any length of time from engaging in any gainful occupation or employment. Appellant did not plead that any total disability was temporary or had ceased, but that appellee " * * * was not at any time for which claim is made under this policy, wholly and continuously disabled by such injuries, if any, * * *." The jury in answer to Special Issue No. 1 had found appellee was totally disabled and in answer to Special Issue No. 2, had found disability to have begun in April, 1964. Appellee's pleading upon which he went to trial was filed December 16, 1968, and he plead that up to and including December 2, 1968, appellee was totally disabled, and prayed for damages calculated to that date, which date was the monthly anniversary of his injury next preceding the filing of the pleading. The jury answered "Yes" to Issue No. 3. Had the jury answered "No" to that issue, the appellee could not have recovered anything if judgment was based on the verdict. It seems the appellee had a

greater burden to obtain an affirmative finding that appellee was totally disabled to December 2, 1968, than for some lesser period. The case was tried in August, 1969, and there was no special significance to the arbitrary time of December 2, 1968. There is no reason to assume the jury felt the judge was giving undue prominence to an arbitrary date.

The medical testimony of appellant as well as that of appellee was that appellee had suffered a slipped disc, and that he could only do light work and could not do manual labor as he had done before injury. As noted above, the trial was had some eight months or more after December 2, 1968.

■ If Special Issue No. 3 was a comment upon the weight of the evidence, we hold it was harmless error. We hold that considering the pleading and the entire record, it was not such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure; Texas Employers Ins. Ass'n. v. McKay, 146 Tex. 569, 210 S.W.2d 147 (1948); West v. Mello, 424 S.W.2d 266 (Tex.Civ.App., Beaumont, 1968, ref., n. r. e.); Commercial Standard Insurance Company v. Allred, 413 S.W.2d 910 (Tex.1967).

■ The eighth point complains of the trial court permitting Sheriff Lightfoot to testify after invoking the rule against witnesses. The Sheriff also served as Bailiff for the Court, and the record reflects appellee's counsel asked the Sheriff to testify for appellee before any evidence was heard, and the Sheriff was sworn as a witness at the beginning of the trial but excused by the court from the rule. The trial court, under Rule 267, T.R.C.P., had discretionary authority to exempt the Sheriff from the rule and no abuse of discretion is shown. Point eight is overruled.

The judgment of the trial court is affirmed.