UNITED STATES FIRE INSURANCE COMPANY, Petitioner,

v.

REPUBLIC NATIONAL LIFE INSURANCE COMPANY, Respondent.

No. B–9004.

Supreme Court of Texas.

June 25, 1980.

Rehearing Denied July 23, 1980.

Bailey, Williams, Westfall, Lee & Fowler, James A. Williams, Dallas, for petitioner.

John J. Irvin, Dallas, for respondent.

DENTON, Justice.

This cause concerns a suit on a fidelity bond issued by the petitioner United States Fire Insurance Company (hereinafter referred to as U. S. Fire). The bond was issued to insure the respondent, Republic National Life Insurance Company (hereinafter referred to as Republic), against loss due to fraudulent acts of its employees.

In August of 1973, Republic discovered that one of its employees had forged the payee signatures and altered the amounts payable on numerous checks drawn on Republic's account. Republic filed an initial "partial proof of loss" with U. S. Fire on October 31, 1973 for $12,948.71 and filed a "supplemental proof of loss" on November 27, 1973 for $13,692.84, the original face value of the altered checks. Both proofs of loss stated that the total loss was believed to be $32,924.84. U. S. Fire issued a check to Republic for $13,255.59, and Republic signed a release. The check also recited that it was in full and final settlement of any loss related to the employee. Later in January 1976, Republic filed a claim with U. S. Fire for $19,232, the amount of the increase of the altered checks over the original face value of the checks. After U. S. Fire refused payment, Republic brought this suit.

In a non-jury trial, the trial court found in favor of U. S. Fire and denied Republic's claim. The trial court made findings of fact and conclusions of law in support of its holding that Republic had released U. S. Fire from any liability for the $19,232 loss.[1] The court of civil appeals, however, concluded that Republic had neither released

---

[1] This issue is dispositive of this appeal. Therefore, the other basis of the trial court decision which were considered by the court of civil appeals need not be reached. 589 S.W.2d 737, 739.

nor abandoned its claims, and reversed and remanded for the determination of an issue concerning the subrogation rights of U. S. Fire. 589 S.W.2d 737. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The partial proof of loss filed by Republic on October 31, 1973, for $12,948.71 stated that: "Claimant believes this proof of loss constitutes the major portion of said loss." Republic also stated that, ". . . efforts are in progress to collect the altered amounts over the original amount from banks accepting these items and these efforts have been commenced without waiver of the right to recovery under the bond." U. S. Fire responded to this partial proof of loss by a letter dated November 19, 1973, in which they stated that they preferred to await a final proof of loss prior to making payment, rather than to make payment on a "partial or piecemeal basis."

Republic then filed a "supplemental proof of loss" on November 27, 1973, which was accompanied by a letter stating that "this would be the final proof of loss." The supplemental proof of loss indicated that Republic would attempt to collect $19,232, from the California bank, and claimed $13,-692.84 under the U. S. Fire policy. On December 13, 1973, Republic filed another proof of loss which claimed $13,692.84 under the policy and made no reference to the $19,232 amount previously mentioned in the supplemental proof of loss. U. S. Fire then issued a check for $13,255.59 which was mailed to Republic along with a release form. On the check was the notation "In Full & Final Settlement, Fidelity Loss, Principal [the employee]." The release which was signed by Republic on February 11, 1974, stated that Republic:

 . . .  does hereby forever release and discharge [U. S. Fire] from and against any demand, claim, cause or causes of action whatsoever under policy 606160 of [U. S. Fire] and arising out of the forgery and dishonesty of [Republic's employee], which is described and set forth in the Proof of Loss dated December 13, 1973 in which a claim of $13,692.84 is made.

The release was signed by Republic's executive vice-president, and the check indorsed by Republic.

The court of civil appeals held that there was no consideration for the release of the $19,232 claim on the basis that the payment of an undisputed claim could not serve as consideration for the release of the later claim. The court of civil appeals relied on *Potter v. Reinhart*, 337 S.W.2d 174, 178 (Tex.Civ.App.—Waco 1960, writ ref'd n. r. e.) and *Woodmen of the World Life Ins. v. Smauley*, 153 S.W.2d 608, 612 (Tex.Civ.App. —Eastland 1941, no writ). Both these cases are distinguishable. *Potter, supra,* is inapplicable because U. S. Fire's liability under the policy was not a sum certain, and *Smauley, supra,* is inapplicable because it involved two separate and independent contractual obligations. *See Hallmark v. United Fidelity Ins. Co.,* 155 Tex. 291, 286 S.W.2d 133, 135 (1956).

■ Here there is but a single claim which Republic could pursue to recover under the bond for losses due to their employee's fraudulent acts. Insofar as this record shows, the claim, at the time the supplemental proof of loss was filed was in part undisputed, and in part uncertain, so that the full extent of U. S. Fire's liability was unknown. Nonetheless, it was but a single claim rather than separate demands. Therefore, the payment of the portion of the claim, as to which there was no evidence of dispute, provided valid consideration for the release of the remainder. *Washington National Ins. Co. v. Cook,* 80 S.W.2d 327 (Tex.Civ.App.—Eastland 1935, writ ref'd).

In *Washington National Ins. Co. v. Cook, supra,* suit was brought on an accident insurance policy. Prior to suit, plaintiff had made a claim for his injuries for $50. The insurer paid the claim, and the plaintiff executed a release of his claim. The plaintiff later claimed additional damages under the policy which the insurer refused to pay. At trial, the plaintiff attacked the release as unsupported by consideration. The court noted that there had been no discussion between the insurer and the plaintiff of the

extent of the insurer's liability prior to the execution of the release. The court held that there was consideration to support the release of a single claim uncertain in amount, by parties dealing at arm's length. The fact that there was no dispute over the insurer's liability for the amount actually paid did not control, "so as to make applicable the rule that the payment of one would not afford a consideration for the release of the other." *Id.* at 329. The court held that there was sufficient consideration for the release because the "amount collectible, if any, was unknowable at the time." *Id.*[2]

In *Connell v. Provident Life & Accident Ins. Co.*, 148 Tex. 311, 224 S.W.2d 194 (1949) the plaintiff sued the insurer under an accidental injury policy. The policy provided monthly benefits depending on the extent of disability, and required monthly proofs of disability. After several disability payments were made, the plaintiff was examined by the insurer's physician who concluded that there was no disability at the time of the examination. The insurer then sent the plaintiff a draft for payment up to the date of examination. The face of the draft stated that it was "in full settlement of any and all claims" under the policy. On the draft above the place designated for the payee's signature, was a release clause. The draft was negotiated by the plaintiff.

The plaintiff pleaded want of consideration for the release. The trial court rendered judgment in favor of the insurer based on the jury findings, and the court of civil appeals reversed and held that the release was not supported by consideration or had been procured by fraud. This court reversed the court of civil appeals and held that there was consideration for the release as a matter of law. *Id.* at 197.

This court concluded that both parties intended the payment to be consideration for the release. Even if the payment had been partial payment of an undisputed debt under *Washington, supra*, the consideration would not be invalid, and the intent of the parties controlled. *Id.* 224 S.W.2d at 198.

See *Hallmark v. United Fidelity Life Ins. Co.*, 155 Tex. 291, 286 S.W.2d 133, 135 (1956); *Inter-Ocean Casualty Co. v. Johnston*, 123 Tex. 592, 72 S.W.2d 583 (1934); *Great Southern Life Ins. Co. v. Heavin*, 39 S.W.2d 851 (Tex.Com.App.1931, opinion approved); *Fidelity-Southern Fire Insurance Co. v. Whitman*, 422 S.W.2d 552, 557 (Tex. Civ.App.—Houston (14th) 1968, n. r. e.).

Thus, U. S. Fire's partial payment of Republic's claim could be valid consideration to support the release, provided that was the intention of the parties. We conclude that the parties did intend the $13,255.59 payment to be consideration for the release. The undisputed evidence shows: (1) the inherent uncertainty of U. S. Fire's total liability under Republic's claim; (2) the notation of "final settlement" on U. S. Fire's draft; (3) Republic's execution of a formal release in an arm's length transaction. Therefore we hold that the release was supported by valid consideration.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

**2.** The reasoning of the court of civil appeals follows that of the dissent in *Washington National Insurance Co. v. Cook*, 80 S.W.2d 327, 329 (Tex.Civ.App.—Eastland 1935, writ ref'd).