NUMBER 13-99-231-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DON J. DAVIS
, Appellant,


v.



LEAH M. MCCURRY
, Appellee.

___________________________________________________________________


On appeal from the 269th District Court


of Harris County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Dorsey



 This is a suit on a note. Don Davis, appellant, signed a promissory
note payable to Leah McCurry, appellee, in the amount of $75,000.00
plus interest. The Note was payable in four yearly installments of
$10,000.00, and one final payment of the balance. Davis never made
any payments. He contends that the Note is unenforceable because it
is not supported by consideration. We disagree.

 McCurry filed suit on the Note, alleging breach of contract and
seeking attorneys' fees. Davis asserted the affirmative defense of lack
of consideration. McCurry moved for summary judgment, which the
trial court granted on February 18, 1999. Davis appeals this judgment,
contending that a genuine issue of material fact exists regarding
whether he received consideration for making the Note.

Standard of Review


 When a plaintiff moves for summary judgment, she has the
burden of establishing by competent summary judgment proof that, as
a matter of law, there is no genuine issue of material fact as to one or
more essential elements of her cause of action. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Gibbs v.
General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970). She must
produce evidence sufficient to support an instructed verdict at trial. Al's
Formal Wear v. Sun, 869 S.W.2d 442, 444 (Tex. App.--Houston [1st
Dist.] 1993, writ denied). In deciding whether there is a material fact
issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true. Sysco Food Services, Inc. v. Trapnell,
890 S.W.2d 796, 800 (Tex. 1994). Also, every reasonable inference
must be indulged in favor of the non-movant and any doubts resolved
in its favor. Id.

 The Note at issue in this case is a negotiable instrument governed
by Article 3 of the Texas Business & Commerce Code. See Tex. Bus. &
Comm. Code Ann. § 3.104 (Vernon Supp. 2000). If McCurry is a not a
holder in due course of the Note, her right to enforce Davis' obligation
to pay the Note is subject to any defense that would be available to
Davis if McCurry was enforcing a right to payment under a simple
contract. See id. at § 3.305; see also Cadle Co. v. Bankston & Lobingier,
868 S.W.2d 918, 922 (Tex. App.--Fort Worth 1994, writ denied). 
McCurry has not alleged that she is a holder in due course. Thus, the
affirmative defense of lack of consideration is available to Davis.

 A contract that lacks consideration lacks mutuality of obligation
and is unenforceable. Federal Sign v. Texas Southern Univ., 951
S.W.2d 401, 409 (Tex. 1997). McCurry points to two types of
consideration she contends supports the promissory note. First, she
contends that a past obligation that Davis owed to her at the time he
signed the Note constitutes valid consideration. Second, she contends
that a release she executed in favor of Davis contemporaneously with
signing the Note amounts to valid consideration supporting the Note.

 When McCurry sought summary judgment as plaintiff on her
claim for breach of contract, her burden was to show (1) no genuine
issue of material fact existed regarding any element of her cause of
action and (2) she was entitled to judgment as a matter of law. Davis
responded with an assertion of the affirmative defense of "lack of
consideration." Davis' response merely needed to raise a fact issue
with regard to his affirmative defense in order to prevail against
McCurry's summary judgment motion. Thus, we must reverse the trial
court's grant of summary judgment if we find either (1) a fact issue
exists on Davis' affirmative defense of lack of consideration, or (2)
McCurry has not shown entitlement to judgment as a matter of law.

Affirmative Defense


 We first address Davis' affirmative defense of "lack of
consideration." Consideration is a present exchange bargained for in
return for a promise. Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d
492, 496 (Tex. 1991); Connell v. Provident Life & Accident Ins. Co., 148
Tex. 311, 314-15, 224 S.W.2d 194, 196 (1949). It consists of either a
benefit to the promisor or a detriment to the promisee. Roark, 813
S.W.2d at 496. The detriment must induce the making of the promise,
and the promise must induce the incurring of the detriment. Id.; see
Broadnax v. Ledbetter, 100 Tex. 375, 378, 99 S.W. 1111, 1112 (1907).

 What constitutes consideration of a contract is a question of law. 
Brownwood Ross Co. v. Maverick County, 936 S.W.2d 42, 45 (Tex.
App.--San Antonio 1996, no writ); Williams v. Hill, 396 S.W.2d 911,
913 (Tex. Civ. App.--Dallas 1965, no writ). Because this is a summary
judgment proceeding, we assume Davis' version of the facts is
accurate. See Sysco Food Services, Inc., 890 S.W.2d at 800. His
rendition of the relevant facts is set forth as follows.

 Davis has been a real estate developer since 1970. McCurry has
been his personal friend since the 1980's. Golden Gate, Inc. ("GGI") is
a Texas corporation through which Davis has conducted his real estate
business. In December of 1991, Davis suggested to McCurry they form
a limited partnership between GGI and herself. GGI would be the
general partner and McCurry would be the limited partner, with each
owning 50% of the limited partnership.

 In early 1992, GGI and McCurry entered into the limited
partnership, and named it Leah Ventures, Ltd. ("LVL"). McCurry paid
an initial capital contribution of $152,500.00, and GGI made no initial
capital contribution. The purpose of LVL was to invest the partnership's
capital in various endeavors. The partnership agreement contained a
clause stating that no partner believed that the partnership agreement
amounted to any type of guarantee of "returns and profits," and that
Don Davis was not personally liable for anything related to the
partnership.

 In early 1992, the limited partnership invested over one hundred
thousand dollars in a division of GGI called the "GGI Development
Fund" (GGIDF). GGIDF agreed to use its "best efforts" to provide LVL
an annual 10% return on its investment. In late 1996, a major GGIDF
asset was sold, and LVL's return of investment was calculated. LVL's
return from the investment of $112,675 was $35,046.

 Davis contends that he has no personal liability for the loss
sustained by LVL. We note, though, that the issue of whether or not
Davis may have been personally liable in any way for the actions of
either GGI, GGIDF, LVL or 2100 Memorial, Ltd.,(1) is a legal question, and
Davis' sworn statement to that effect is of no consequence. 
Nevertheless, Davis contends that despite the fact that he had no
obligation to pay McCurry, he agreed to purchase McCurry's 50%
interest in LVL. He paid her $55,000 for that interest.

 After receiving the $55,000, McCurry still faced a loss of $57,675
from her initial capital contribution to LVL. Davis agreed to give her the
$57,675 in lost capital, plus interest of $17,325, for a total of $75,000
in the form of a promissory note - the one at issue in this case.

 To document this transaction, he entered into a bill of sale with
McCurry purporting to purchase all of McCurry's interest in LVL. On the
same date, he signed the $75,000 promissory note, and McCurry
executed a release in favor of LVL, GGI, 2100 Memorial, Ltd. and Don
Davis, personally. Davis concedes he never made a payment pursuant
to the terms of that Note.

 The release that McCurry executed contemporaneously with the
Note states:


 For and in consideration of Ten and No/100 Dollars and other
good and valuable consideration to Releasor paid, the receipt
and sufficiency of which is hereby acknowledged and
confessed, Releasor does hereby . . . release, acquit and
forever discharge Releasees . . . from all claims, demand, and
causes of action of whatsoever nature, known or which
through the exercise of reasonable diligence should be
known to Releasor, whether in contract, tort, pursuant to
statute, or otherwise, from personal injuries, property
damages, punitive damages, trebled damages, or any other
damages which have accrued or may ever accrue to Releasor
. . . for or on account of any alleged actions or omissions or
Releasees arising from or related to Releasor having been a
limited partner in LEAH VENTURES, LTD.


 We hold that the release is sufficient consideration to support the
promissory note. Accord Copeland v. Alsobrook, 3 S.W.3d 598, 607
(Tex. App.--San Antonio 1999, pet. denied) (holding that release
executed by former wife of decedent so that proceeds of policy on
which she was still erroneously named as beneficiary could be paid out
without court order constituted consideration); Trantham v. Roper, 308
S.W.2d 195, 197 (Tex. Civ. App.--Texarkana 1957, writ ref'd n.r.e.)
(forebearance to sue is sufficient consideration to support a contract).

 A valuable and sufficient consideration for a contract may
consist of either a benefit to the promisor or a loss or
detriment to the promisee. In other words, sufficient
consideration for the agreement may consist of some right,
interest, profit, or benefit that accrues to one party, or,
alternatively, of some forbearance, loss, or responsibility that
is undertaken or incurred by the other party. Accordingly, it
is not necessary that the promisor receive a benefit under
the agreement. On the contrary, if the promisee parts with
some legal right or sustains some legal injury as the
inducement for the agreement, this will be sufficient.


Solomon v. Greenblatt, 812 S.W.2d 7, 15 (Tex. App.--Dallas 1991, no
writ). Specifically, it is well settled that a forebearance to institute legal
proceedings constitutes valid consideration to support a contract. 
Leonard v. Texaco, Inc., 422 S.W.2d 160, 165 (Tex. 1967); Executive
Condominiums, Inc. v. State, 764 S.W.2d 899, 903 (Tex. App.--Corpus
Christi 1989, writ denied). Likewise, postponement of enforcement of
a debt has been held to be sufficient consideration, Swofford v.
Tri-State Chemicals, Inc., 764 S.W.2d 24, 26 (Tex. App.--El Paso 1989,
writ denied), as has a mere agreement to continue doing business with
a party. Gooch v. American Sling Co., Inc., 902 S.W.2d 181, 185 (Tex.
App.--Fort Worth 1995, no writ). Even an extension of time in which
to pay a debt is adequate consideration for a contract. Bonner Oil Co.
v. Gaines, 191 S.W. 552 (Tex. 1917); Victoria Bank & Trust Co. v.
Brady, 779 S.W.2d 893, 903 (Tex. App.--Corpus Christi 1989), rev'd in
part on other grounds, 811 S.W.2d 931 (Tex. 1991).

 Regardless of Davis' beliefs regarding his individual liability, he
received a benefit from the release signed by McCurry. McCurry
released Davis individually, along with all the other entities through
which he was conducting his real estate business from any and all
claims which might arise on her behalf resulting from her involvement
in LVL. The merits of any such suit are indeterminable at this point, but
that does not diminish the fact that the release constituted a detriment
to McCurry and a benefit to Davis. By signing the release, McCurry
gave up any possible chance of seeking legal recompense for her loss
sustained during her involvement with LVL. Once he obtained the
signed release, Davis was able to continue doing business free from
potential liability or legal fees related to defending against a suit by
McCurry related to LVL. We find that McCurry's forebearance from
instituting legal proceedings, as evidenced by the release, constitutes
valid consideration for the $75,000.00 promissory note as a matter of
law.

 Because we find the release constitutes valid consideration
supporting the Note, we do not address the arguments regarding
whether McCurry's initial capital contribution constituted valid
consideration for the Note.

Entitlement to Judgment as a Matter of Law


 In order to sustain the trial court's granting of summary judgment,
we still must find that McCurry has shown entitlement to judgment as
a matter of law on her cause of action. Summary judgment is
appropriate in a suit seeking recovery on a promissory note when the
plaintiff establishes: (1) the existence of the note in question; (2) that
the defendant executed the note; (3) that the plaintiff is the legal holder
of the note; and (4) a certain balance due and owing on the note. 
Stucki v. Noble, 963 S.W.2d 776, 782 (Tex. App.--San Antonio 1998,
pet. denied); Bean v. Bluebonnet Savings Bank FSB, 884 S.W.2d 520,
522 (Tex. App.--Dallas 1994, no writ); Clark v. Dedina, 658 S.W.2d 293,
295 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd). Again, Davis'
own summary judgment proof provides undisputed evidence of all the
elements necessary to establish McCurry's entitlement to judgment on
the Note. He admitted to each of those elements in his sworn affidavit
attached to his summary judgment response.

 We AFFIRM the judgment of the trial court.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 4th day of May, 2000.

1. "2100 Memorial, Ltd." is the name of the principal asset of the
GGIDF which was sold at a loss to LVL.