header.ag1









NUMBER 13-97-457-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JIM MELHART PIANO AND ORGAN COMPANY D/B/A 

MELHART MUSIC COMPANY, Appellant,



v.




JOE D. HERNANDEZ A/K/A LITTLE JOE AND LA FAMILIA A/K/A LA FAMILIA

ENTERPRISES, Appellee.

___________________________________________________________________



On appeal from the County Court at Law No. Three

of Hidalgo County, Texas.


___________________________________________________________________

O P I N I O N

Before Justices Dorsey, Chavez, and Rodriguez

Opinion by Justice Chavez



 In this breach of contract case, appellant, Jim Melhart Piano and Organ Company, d/b/a Melhart Music Center (hereinafter
"Melhart"), appeals a take-nothing judgment issued in favor of Joe D. Hernandez, a/k/a Little Joe & La Familia, a/k/a La
Familia Enterprises (hereinafter "Hernandez"). By two issues, appellant argues that the evidence was legally and factually
insufficient to show Hernandez's performance under two written contracts was excused by a subsequent oral agreement. 
We affirm.

 In October 1993 and April 1994, Hernandez, a musician and entertainer, executed two contracts with Melhart, a company
that sells and leases musical equipment. The first contract, totaling approximately $104,000, was for the purchase of a
sound and light system. A $17,000 down payment was made on this contract. The second contract was for the purchase of
a synthesizer at a cost of approximately $2300. Hernandez was responsible for payment under both contracts. Between
October 1993 and September 1994, Hernandez failed to make several monthly payments on the larger contract. The
payments he did make, however, including the down payment, amounted to approximately $50,000, but he made no
payments after September 1994. Hernandez testified that payments ceased because he had no need for the equipment. 
Hernandez made no payments under the smaller contract.

 In the latter part of 1994, Hernandez's son, Ivan, assumed duties as the band's general manager. Ivan testified that he
initially contacted Melhart to ascertain the balance due on the account and to negotiate a payment schedule. According to
Ivan, he negotiated an oral agreement with Melhart by February 1995, which would allow Hernandez to return the sound
system to Melhart, retain the light system, and make no further payments under either contract. (1)

 On March 1, 1995, Hernandez delivered, and Melhart accepted, a portion of the sound equipment. Due to space
limitations on the delivery truck, not all of the sound equipment was delivered per the alleged agreement.

 Afterwards, there was some communication between the two parties, but Hernandez made no further payments. He claims
that Melhart agreed to pick up the remainder of the sound equipment, but never did. Melhart brought suit against
Hernandez for the remaining balance under both contracts. After a jury trial in the county court at law, the court entered
judgment in favor of Hernandez, and this appeal followed. Appellant's first issue challenges the legal and factual
sufficiency of the evidence to support the jury's finding that Ivan, on Hernandez's behalf, made an agreement with Melhart
to keep the equipment that was not returned on March 1, 1995.

 In reviewing a legal sufficiency challenge, we consider all the evidence in the light most favorable to the prevailing party,
indulging every reasonable inference in that party's favor. Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d
276, 285-86 (Tex. 1998). If the finding is supported by probative evidence, then we overrule the point and uphold the
finding. Southern States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex. 1989). However, "when the evidence offered
to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no
more than a scintilla and, in legal effect, is no evidence." Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). 

 When confronting a factual sufficiency challenge, we consider all of the evidence presented. Browning-Ferris, Inc. v.
Reyna, 865 S.W.2d 925, 928 (Tex. 1993); Cantu v. Butron, 921 S.W.2d 344, 348 (Tex. App.--Corpus Christi 1994, writ
denied). We overturn findings only if they are so against the great weight and preponderance of the evidence as to be
clearly wrong and unjust. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).

 Under this issue, appellant focuses on the sole question answered affirmatively by the jury which reads:

 Was Joe D. Hernandez's failure to comply, if any, with the contracts excused?

 Answer "Yes" or "No".

 Joe D. Hernandez is excused from complying with the contracts only if you find that Ivan Hernandez on behalf of Joe D.
Hernandez made an agreement with Melhart Piano and Organ Company, Inc. to keep the equipment he did not return to
Melhart Piano and Organ Company, Inc. on or about March 1, 1995 and Joe D. Hernandez was released from further
liability on the contracts.



Melhart points to that part of the instruction explaining that Hernandez will be excused from compliance if the jury finds he
"made an agreement with Melhart . . . to keep the equipment he did not return to Melhart . . . on or about March 1, 1995." 
Because the terms of the alleged agreement required the return of the sound equipment, and Hernandez and his son
admitted to possessing sound equipment that was not physically returned on March 1, 1995, appellant urges that Hernandez
failed to comply with the terms of the agreement, and thus, Hernandez's testimony "categorically disproves the existence of
the subsequent agreement." We disagree.

 The record reflects three separate categories of equipment in this case: (1) sound equipment that was returned and
delivered to Melhart on March 1, 1995; (2) sound equipment that was returned and scheduled for delivery on March 1,
1995, but was not delivered because of space limitations on the truck; and (3) light equipment to be permanently retained
by Hernandez. Although the language of the charge is vague and appears to group categories two and three together, the
record clearly establishes that the only agreement that the jury was being asked to find centered on Hernandez's ownership
of the light equipment in category three. This was clarified several times throughout the trial, and certainly it was
understood by appellant's counsel at trial as he questioned Hernandez:

 Q: So obviously if Mr. Melhart is calling you after some of the merchandise is returned, asking you, "Where's the rest of
the stuff, I want the rest of the stuff," your response would have been, "What stuff? We made an agreement." Wouldn't
that have been your response, sir?"



 A: No, I just told you that we did keep some of the stuff, some of the merchandise, some of the equipment that are
attachments to the sound system, and I'm not disputing that, we have those in our possession. Mr. Melhart never picked
them up like he said he would.



 Q: Okay.Hernandez also stated, "I told him [Melhart] that the reason they [sound equipment] were not delivered was
because the truck we shipped it in was just too small, but our intentions were not to keep it . . . ." 

 We conclude that the jury's finding of an "agreement . . . to keep the equipment he did not return" pertains to only the light
equipment, and is not inconsistent with the testimony from Hernandez and Ivan. We consider the remaining sound
equipment in Hernandez's possession to be "returned equipment" awaiting delivery.

 Our next consideration is whether the evidence shows the existence of an agreement. Melhart argues the lack of mutual
assent and certainty precludes the finding of an enforceable agreement. The determination of whether there was a meeting
of the minds between Melhart and Hernandez is based on objective standards of what the parties said and did and not on
their alleged subjective state of mind. Argonaut Ins. Co. v. Allstate Ins. Co., 869 S.W.2d 537, 540 (Tex. App.--Corpus
Christi 1993, writ denied); Adams v. Petrade Int'l, Inc., 754 S.W.2d 696, 717 (Tex. App.--Houston [1st Dist.] 1988, writ
denied).

 Objective evidence of an express oral agreement was provided by both Ivan and Melhart. Ivan testified:

 He [Melhart] had suggested taking him the PA [sound system] and then he would hold it so we could continue to make
payments at that time. At that time I told him we didn't want it, we didn't need it, and what I wanted to do was to keep the
light show, because we had already paid into the agreement more than what the value of the light show was. And we went
back and forth. . . . And finally when we did discuss it again he had said, "Okay, that's fine, bring me the PA, bring me the
sound system," which is exactly what I did.



Although Melhart denies he made such an agreement, he testified under cross-examination as follows:

 Q: Did you have an agreement with any one about returning equipment?



 A: Well, we had an agreement on returning equipment, all of the equipment. That's the only agreement we had.



 After hearing this evidence, it was within the jury's province to decide to believe Ivan's version of the agreement or
Melhart's. As the trier of fact, the jury is the sole judge of the credibility of witnesses and the weight to be given their
testimony. L & F Distrib. v. Cruz, 941 S.W.2d 274, 281 (Tex. App.--Corpus Christi 1996, writ denied). In resolving
contradictions and conflicts, the jury may choose to believe all, part, or none of the testimony of any witness in arriving at
the finding which it concludes is the most reasonable under the evidence. Id. The jury reasonably may have chosen to
believe Ivan's version of the agreement based on the fact that Hernandez had already paid approximately $50,000 into the
initial contract and wanted to keep approximately $30,000 worth of light equipment.

 As to certainty, the terms of an enforceable agreement must be sufficiently certain to define the nature and extent of the
parties' obligations. Bendalin v. Delgado, 406 S.W.2d 897, 899 (Tex. 1966). Ivan testified that he was not familiar with
the sound system and was unable to identify those items that were returned to Melhart and those that were not. He also
testified to a lack of expertise or knowledge regarding the valuation of the equipment that remained in Hernandez's
possession. Melhart suggests that Ivan's lack of knowledge on these matters indicates that the terms of the agreement were,
therefore, too indefinite and uncertain to constitute an enforceable agreement.

 But, Melhart presents no evidence to show that Ivan's ability to reach an agreement was conditioned upon his ability to
valuate the equipment or identify the items that were returned. Ivan testified that he used the equipment valuations
prepared by Melhart, and relied on the band's engineer to separate the sound and light equipment. Part of the evidence
included a copy of the larger contract. Attached was a "List of Equipment Purchased," identifying several categories of
equipment; not simply light and sound equipment. One of these categories, titled "LIGHTS," contains items amounting to
a pre-tax subtotal cost of $30,176.50. While it was not squarely addressed by either party at trial, Hernandez's testimony
indicates that the agreement in question allowed him to retain the equipment identified in this category. This is supported
by his testimony where he claims the $50,000 he had already paid into the contract was about $20,000 over the price of the
lighting equipment he agreed to keep.

 After a careful review of the entire record in this case, we find the evidence legally and factually sufficient to support the
jury's finding of an agreement between Melhart and Hernandez. Appellant's first issue is overruled.

 By his second issue, Melhart challenges the legal and factual sufficiency of the evidence to support the jury's finding that
Hernandez was released from further liability on the written contracts. Specifically, appellant contends that any alleged
release was invalid for want of consideration. 

 In general, a release surrenders legal rights or obligations between the parties to an agreement. Dresser Indus., Inc. v. Page
Petroleum, Inc., 853 S.W.2d 505, 508 (Tex. 1993). It operates to extinguish the claim or cause of action as effectively as
would a prior judgment between the parties and is an absolute bar to any right of action on the released matter. Id. In the
absence of a statute providing otherwise, a release is not required to be in writing. Myers v. Thomas, 502 S.W.2d 941, 943
(Tex. Civ. App.--Beaumont 1973, no writ). A release is regarded as a contract and must be supported by consideration. 
Flat v. Hill, 379 S.W.2d 926, 928 (Tex. Civ. App.--Dallas 1964, writ ref'd n.r.e.); Southwestern Fire & Cas. Co. v. Atkins,
346 S.W.2d 892, 897 (Tex. Civ. App.--Houston 1961, no writ). Where the facts show a certain sum to be due from one
person to another, payment of part is insufficient consideration to support a release of the whole. Potter v. Reinhart, 337
S.W.2d 174, 178 (Tex. Civ. App.--Waco 1960, writ ref'd n.r.e.). However, a release made on the part payment may be
valid if there is other consideration to support it. Burnett v. Atteberry, 105 Tex. 119, 145 S.W. 582, 585 (1912).

 Appellant asserts that the partial return of equipment and payments made under the contract do not qualify as valid
consideration to support a release because Hernandez was merely agreeing to do what he was already legally obligated to
do under the contracts. (2) 

 If the release was granted in consideration for partial payments already made and Melhart's authority under the security
agreement to repossess, then we would agree that such consideration would be inadequate, because Hernandez was
performing what he was already legally obligated to do. However, under these facts, the evidence shows Hernandez was
returning the sound equipment pursuant to the terms of the new agreement and not because Melhart was asserting his
contractual rights to foreclose and repossess the equipment. We find the return of the sound equipment under the terms of
the new agreement constitutes additional consideration sufficient to support the release. Thus, we hold the jury's finding of
a release is supported by legally and factually sufficient evidence. Appellant's second issue is overruled.

 Accordingly, we AFFIRM the trial court's judgment.

MELCHOR CHAVEZ

Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 27th day of May, 1999.

 

1. Appellant did not challenge, at trial or on appeal, the applicability of the statute of frauds relating to the sale of goods as
a bar to Hernandez's assertion that performance under the original contracts was excused by a subsequent oral agreement. 
See Tex. Bus. & Com. Code Ann. §§ 2.201, 2.209 (Vernon 1994) (Statute of frauds applies to the sale of goods for the
price of $500 or more. Requirements of statute of frauds must be satisfied if the contract as modified is within its
provisions.). Because this issue is not before us, we do not address it. 

2. As a remedy for default by Buyer, Melhart's security agreement provided: "SELLER may require BUYER to assemble
COLLATERAL to make COLLATERAL available to SELLER at any place to be designated by SELLER which is
reasonably convenient to both parties."